**CITY OF LUBBOCK, Appellant,**

v.

**Angie LAND, Appellee.**

No. 07–00–0256–CV.

Court of Appeals of Texas,
Amarillo.

Oct. 23, 2000.

Anita Burgess, City Atty., (Jennifer Bassett, Trial Atty.), Lubbock, for appellant.

Dunn & Walker (Charles Dunn), Lubbock, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

By this accelerated appeal,[1] the City of Lubbock challenges the trial court's order denying its motion to dismiss Angie Land's action for personal injuries allegedly sustained while she was an inmate participating in a work release program. By its motion and plea to the jurisdiction, and its sole issue presented on appeal, the City contends it has immunity from Land's action pursuant to Article 42.20 of the Code of Criminal Procedure Annotated (Vernon Supp.2000). Based upon the rationale expressed herein, we reverse and render judgment dismissing Land's action against the City.

■ Whether a trial court has subject matter jurisdiction is a question of law subject to *de novo* review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Bush v. Texas Dep't of Protective and Regulatory Services*, 983 S.W.2d 366, 368 (Tex. App.—Fort Worth 1998, pet. denied). When reviewing an interlocutory appeal of a trial court's denial of a motion to dismiss for lack of jurisdiction and plea to the jurisdiction, we construe the pleadings in favor of the plaintiff and consider only the allegations in the petition. *Tex. Ass'n of Business v. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *Texas Nat. & Conser. Com'n v. White*, 13 S.W.3d 819, 822 (Tex. App.—Fort Worth 2000, no pet. h.).

According to Land's live pleading, while an inmate in the Lubbock County Jail and pursuant to a court order, she participated in a work release program to pay a fine for public intoxication. After she was transported to a warehouse owned and controlled by the City, she was instructed by a City employee to sweep the warehouse. While doing so, she was injured when metal backstops being stored in the warehouse fell on her causing injuries that required hospitalization and surgery. Land alleged the City was negligent in (1) failing to provide supervision; (2) failing to warn of a hazardous condition; (3) failing to correct a hazardous condition; (4) failing to act in a manner that a reasonably prudent person would under the same or similar circumstances in allowing her to sweep in an area of the warehouse that was dangerous; and (5) failing to provide a reasonable [sic] safe work environment in stacking the backstops in an unsafe manner.

■ By its sole issue, the City contends that it has immunity from Land's action pursuant to Article 42.20 of the Code of Criminal Procedure. Land, however, contends that Article 42.20 does not apply to the City, but only to the entity establishing the program. Thus, in construing Article 42.20, our objective is to give effect to the Legislature's intent. *Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex.1999). When the Legislature fails to define a word or term, we will apply its ordinary meaning. *Geters v. Eagle Ins. Co.*, 834 S.W.2d 49, 50 (Tex.1992). Under Article 42.20(a) and (c)(5), employees or officers of political subdivisions other than a county, and the governmental entity they serve, are not liable for damages

arising from an act or failure to act by the individual or governmental entity *in connection with a community service program or work program* . . . if the act or failure to act:

(1) was performed pursuant to a court order or was otherwise performed in an official capacity; and

(2) was not performed with *conscious indifference* for the safety of others.

(Emphasis added).[2]

Among other matters, as affirmative defenses, the City pled governmental immu-

---

1. *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014(8) (Vernon Supp.2000).

2. Although Article 42.20 was added by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.03, 1993 Tex.Gen.Laws 3745, 3755, *amended by* Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 3.13, 1995 Tex.Gen.Laws 466, we found no appellate decisions regarding its construction and application.

nity pursuant to sections 101.021, 101.0215, 101.023, and 101.056 of the Texas Tort Claims Act. *See* Tex.Civ.Prac. & Rem.Code Annotated (Vernon 1997 & Supp.2000). Also, as relevant here, by its pleadings and motion to dismiss and plea to the jurisdiction, the City raised the immunity provisions of Articles 42.20 and 43.09(*l*) of the Texas Code of Criminal Procedure Annotated (Vernon Supp.2000).

■ Because we must accept Land's pleading as true for purposes of our analysis, we must also accept her allegation that her injuries were sustained while she was "performing work release for the County of Lubbock" while performing "her work at the warehouse" owned by the City. By her petition, she does not contend the City was not a proper entity to participate in a work release program or that it lacked standing to contend it was entitled to immunity under Article 42.20. Nevertheless, Land contends that the City, a mere employer of work release participants, is not sufficiently connected with the Lubbock County Work Release Program to have standing to support its claim of immunity. However, Land's argument overlooks the fact that in addition to affording immunity to officers or employees of political subdivisions, Article 42.20(a) also grants immunity to governmental entities that employ such officers or employees.

Moreover, Article 42.20 does not contain any provision limiting immunity to particular political subdivisions or otherwise prescribe any requirements or conditions to entitle a political subdivision to coverage. Additionally, Article 43.09(a) recognizes that *political subdivisions* may participate in inmate work programs as therein provided. The City qualifies as a political subdivision. *See* Tex.Gov't.Code Annotated § 418.004(6) (Vernon 1998). Unfortunately, the statute does not define the term official capacity. Because Article

42.20(a)(2) applies to individual employees or officers of political subdivisions as well as political subdivisions, the application of the term official capacity should be uniform when (1) such issue is presented in an action against an employee individually and in his/her official capacity, and (2) when it is presented in an action against a political subdivision.[3] Here, because the City had the inherent right and duty to the public to put the warehouse to whatever use may best serve the public interest, *City of Aransas Pass v. Minter*, 34 S.W.2d 1113, 1115 (Tex.Civ.App.—San Antonio 1930, writ ref'd), we conclude that the ownership and cleaning of the warehouse was within the official capacity of the City. Because Land's pleadings acknowledged that her injuries occurred when she was sweeping the City owned warehouse under direction of a City employee while she was an inmate in the Lubbock County Jail and performing work release, her pleading demonstrated that the alleged act or failure to act of her supervisor was in an official capacity. Thus, we conclude that the City falls within the provisions of Article 42.20.

■ Regarding the element of conscious indifference of Article 42.20(a)(2), in *Gill v. TDCJ*, 3 S.W.3d 576, 581 (Tex.App.—Houston [1st Dist.] 1999, no pet.), TDCJ contended that it had immunity under section 101.021(2) of the Texas Government Code, which extends immunity *if the act or failure to act was not intentional, wilfully or wantonly negligent, or performed with conscious indifference or reckless disregard for the safety of others.* (Emphasis in original). As in *Gill,* Land's pleading does not allege gross negligence or that her injuries resulted from an act of conscious indifference by the City or its employees or officers. Accordingly, we conclude that the City is entitled to assert immunity under Article 42.20, and that because Land

---

**3.** *See generally City of Hempstead v. Kmiec,* 902 S.W.2d 118, 122 (Tex.App.—Houston [1st Dist.] 1995, no writ) (holding that when the trial court granted the City's motion based on

governmental immunity, the court should have also granted the Police Chief's motion for summary judgment based on his official capacity).

does not allege that her injuries were proximately caused by conscious indifference, the trial court erred in denying the City's motion to dismiss and plea to jurisdiction.

Accordingly, pursuant to Rule 43.2(c) of the Texas Rules of Appellate Procedure, we render the judgment the trial court should have rendered and reverse the judgment of the trial court and dismiss Angie Land's action against the City of Lubbock.

QUINN, J., concurring.

JOHNSON, J., concurring.

BRIAN QUINN, Justice, concurring.

I concur in the majority's opinion but write separately to highlight that merely illustrating that a work release program is somehow involved in the mix does not *per se* entitle a defendant to immunity. And, I highlight this because the City of Lubbock so intimated in its plea to the jurisdiction of the trial.

Article 42.20 of the Texas Code of Criminal Procedure states:

(a) An individual listed in Subsection (c) of this article and the governmental entity that the individual serves as an officer or employee are not liable for damages arising from an act or failure to act by the individual or governmental entity in connection with a community service program or work program established under this chapter or in connection with an inmate, offender, or releasee programmatic or nonprogrammatic activity, including work, educational, and treatment activities, if the act or failure to act:

  (1) was performed pursuant to a court order or was otherwise performed in an official capacity; and

  (2) was not performed with conscious indifference for the safety of others.

(b) Chapter 101, Civil Practice and Remedies Code, does not apply to a claim based on an act or a failure to act of an individual listed in Subsection (c) of this article or a governmental entity the officer serves as an officer or employee if the act or failure to act is in connection with a program described by Subsection (a) of this article.

(c) This article applies to:

  (1) a director or employee of a community supervision and corrections department or a community corrections facility;

  (2) a sheriff or employee of a sheriff's department;

  (3) a county judge, county commissioner, or county employee;

  (4) an officer or employee of a state agency; or

  (5) an officer or employee of a political subdivision other than a county.

TEX.CODE CRIM.PROC.ANN. art. 42.20 (Vernon's Supp.2000). As illustrated by its terms, the statute affords immunity to those governmental entities and its employees which satisfy each of its conditions. Furthermore, to extract these conditions one needs only to dissect the statute into its various parts. Upon dissecting it, I find approximately five. First, there must be damage suffered by someone. *Id.* at art. 42.20(a). Second, the damage must arise "from an act or failure to act" by an individual or entity described in subparagraph (c) of the statute. *Id.* Third, the same act or failure to act must also be in connection with a) a community service program or work program established under chapter 42 of the Code of Criminal Procedure or b) an inmate, offender, or releasee programmatic or nonprogrammatic activity, including work, educational, and treatment activities. *Id.* Fourth, the same act or failure to act by the individual or entity within subparagraph (c) must be performed "pursuant to a court order or ... in an official capacity." *Id.* at

42.20(a)(1). "[A]nd", fifth, the same act or failure to act by the individual or entity within subparagraph (c) must "not [be] performed with conscious indifference for the safety of others." *Id.* at 42.20(a)(2). There being five conditions, only upon satisfaction of each does the hole created in the general governmental immunity statute (found in chapter 101 of the Texas Civil Practice and Remedies Code) close. *Id.* at art. 42.20(b).

In other words, one is not entitled to immunity simply by showing that the act or omission was in connection with a community service, work release, or other like program available to those accused and or convicted of criminal activity. And, to the extent that the City founded its argument solely upon that element of art. 42.20 in contending that it was entitled to immunity, it erred. Nonetheless, the issue before us is of jurisdictional aspect, and being so, we have the obligation to *sua sponte* determine it presence. Thus, while the City failed to address them in either its motion below or its appellate brief at bar, our obligation included the duty to consider whether the other four elements of art. 42.20 appeared of record. And, upon review of the live pleading of Land in a light most favorable to land, I to conclude that they did. *See Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989) (holding that the plaintiff's petition must be liberally construed in determining the existence of subject matter jurisdiction); *Texas Nat. Resource & Conservation Comm. v. White,* 13 S.W.3d 819, 822 (Tex.App.— Fort Worth 2000, pet. filed) (stating that we generally look to the allegations contained in the plaintiffs petition in determining the presence of subject matter jurisdiction).

PHIL JOHNSON, Justice, concurring.

In the trial court appellee responded to the City's plea to the jurisdiction by urging that the City and its actions "had no connection with the program" within the meaning of Article 42.20. Appellee requested the trial court to deny the City's plea to the jurisdiction only because the City had no "connection" with the work release program as contemplated by Article 42.20.

Appellant and appellee frame the issue before this court similarly. Appellee's statement of the ISSUE PRESENTED in her brief is: "Does Article 42.20 of the Code of Criminal Procedure provide immunity for a political subdivision other than a county where the political subdivision had no connection with the work release program established and administered by the county?"

The parties conducted discovery before the City's plea to the jurisdiction was heard, and apparently resolved to their own satisfaction the issues involved in whether Article 42.20 applies to the City under the facts of their case, except the issue of whether the City's alleged negligence was "in connection" with the county's work-release program. The majority opinion correctly resolves the issue presented by the parties to the trial court and to this court. We need go no further in resolving this appeal. *See Texas Indus. Traffic League v. Railroad Comm'n,* 633 S.W.2d 821, 823 (Tex.1982).