DILLARD DEPARTMENT STORES,
INC., Petitioner,

v.

Lyndon SILVA, Respondent.

No. 03–0669.

Supreme Court of Texas.

Oct. 15, 2004.

Brock C. Akers and Neal Kieval, Phillips & Ackers, P.C., Houston, for Petitioner.

Don D. Becker and John Brice Carroll, Carroll & Becker, Houston, for Respondent.

PER CURIAM.

In this case, we must decide whether a department store customer, mistakenly detained and prosecuted for shoplifting, presented legally sufficient evidence to a jury to support its award of actual and exemplary damages for false imprisonment. Concluding that there was evidence to support both actual and exemplary damages, the court of appeals, with one justice dissenting, affirmed the awards. 106 S.W.3d 789. While we agree that there is evidence that the department store falsely imprisoned its customer causing him actual harm, there is no evidence that the store acted with malice, the statutory predicate for an award of exemplary damages. Therefore, we grant the petition for review and, without hearing oral argument, modify the court of appeals' judgment to delete the award of exemplary damages, and, as modified, affirm. *See* Tex.R.App. P. 59.1.

Lyndon Silva went to a Dillard Department Store in Houston to exchange three shirts given to him as a gift. Silva attempted to exchange the shirts at the cosmetics/accessories counter, but was told to go to another department. Silva testified that on his way to exchange the shirts he was distracted by sale items and other merchandise in the store. Before exchanging his three shirts, Silva made three purchases: a back brush, a travel bag, and another shirt. While making these purchases and examining other merchandise, a Dillard sales associate reported him as a possible shoplifter to her supervisor who told her to call security. Kevin Rivera, an off-duty Houston police officer working security for Dillard, thereafter stopped Silva and asked to examine the contents of his bag. In the bag were the three items purchased by Silva that day with their receipts and the three shirts he had brought to exchange. There was no receipt in the bag for the three shirts although Silva maintained that he had one. He asked Rivera to go with him to his car to see if the receipt had fallen out there. Instead, Rivera accused him of theft, put him in handcuffs, and escorted him to an office where he was subsequently turned over to the Houston police. Silva was thereafter charged with misdemeanor theft but was ultimately acquitted of the criminal charge.

After that, Silva prosecuted the present suit against Dillard for false imprisonment, intentional infliction of emotional distress, negligence, and malicious prosecution. The jury exonerated Dillard on the malicious prosecution claim, but otherwise found Dillard liable under the remaining theories, although the jury did find that Silva's own negligence contributed to his

injury.[1] The jury awarded Silva actual damages of $13,124.01 for mental anguish and for costs associated with his criminal prosecution.[2] The jury also found that Dillard acted with malice, awarding $50,000 in exemplary damages. The court of appeals concluded that there was no evidence to support findings of negligence or intentional infliction of emotional distress. 106 S.W.3d at 796–800. But the court nevertheless affirmed the award of actual and exemplary damages, finding evidence to support the jury's findings of false imprisonment and malice. *Id.* at 795–96, 800–01.

■■■ Dillard complains here that it did not falsely imprison Silva because it had the right to detain him under the shopkeeper's privilege. This privilege permits a shopkeeper to detain a person to investigate the ownership of property if the shopkeeper reasonably believes that the person has stolen or is attempting to steal store merchandise so long as the detention is in a reasonable manner and for a reasonable period of time. Tex. Civ. Prac. & Rem. Code § 124.001; *Wal–Mart Stores, Inc. v. Resendez,* 962 S.W.2d 539, 541 (Tex.1998). Liability is not based on the customer's actual guilt or innocence, but rather on the reasonableness of the shopkeeper's actions under the circumstances. *Wal–Mart Stores, Inc. v. Odem,* 929 S.W.2d 513, 520 (Tex.App.-San Antonio 1996, writ denied). The parties here disagree only about whether Silva was detained in a reasonable manner.

■■■ Silva testified that after he made his purchases, the Dillard security guard, Rivera, stopped him, accused him of theft, placed him on the floor, handcuffed him, emptied the contents of his bag on the floor, and questioned him while he lay handcuffed on the floor. Although Silva told Rivera that he had receipts for three of the shirts in his vehicle, Rivera declined to go look for them. Instead, Rivera escorted Silva in handcuffs up the escalator to an empty office. Silva testified to his embarrassment and humiliation at being led through the store in handcuffs. Once in the office, he testified that Rivera and another Dillard employee verbally taunted him and refused him a glass of water he needed to take medication for a migraine headache. Silva also testified that when the police arrived, Rivera placed him on the floor again with his knee on Silva's back to exchange handcuffs with the police. Although Dillard's witnesses contradicted much of Silva's testimony about his detainment, the jury obviously believed Silva. And when testimony is contradictory, credibility is for the fact finder to decide. *Jones v. Tarrant Util. Co.,* 638 S.W.2d 862, 866 (Tex.1982). Because Silva's testimony is some evidence that Dillard did not detain Silva in a reasonable manner as the privilege requires, we agree with the court of appeals that there is evidence to support the jury's award of damages for false imprisonment.

■■■ Dillard also complains that there is no evidence to support the award of exemplary damages in this case. Exemplary damages are authorized under the Texas Civil Practice and Remedy Code when the claimant proves by clear and convincing evidence that the harm results from fraud,

---

1. In answer to a question comparing the responsibility of all negligent parties, the jury found Dillard 60% responsible and Silva 40% responsible.

2. The court of appeals concluded that there was evidence that Dillard's actions caused Silva mental anguish and that Dillard had waived error in the submission of any other unsupported or erroneous element of actual damage by failing to object to the broad-form submission. 106 S.W.3d at 799–800.

malice or gross negligence. Tex. Civ. Prac. & Rem.Code § 41.003(a). In the trial court, Silva submitted malice as the predicate for exemplary damages. Under current law, "malice" is defined as "a specific intent by the defendant to cause substantial injury or harm to the claimant." *Id.* § 41.001(7). When this case was tried, however, the statutory definition of "malice" included an alternative gross negligence component. Before amendment in 2003, "malice" was defined as:

(A) a specific intent by the defendant to cause substantial injury or harm to the claimant; or

(B) an act or omission:

(i) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(ii) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Act of April 20, 1995, 74th Leg., R.S., ch. 19, § 1, 1995 Tex. Gen. Laws 108, 109, *amended by* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 13.02, 2003 Tex. Gen. Laws 847, 887. In 2003, the Legislature removed subpart (B) from the malice definition, recodifying it as the definition of "gross negligence." *See* Tex. Civ. Prac. & Rem.Code § 41.001(11). Because Silva's unfortunate experience at the department store occurred in 1997, we apply the two-part, pre–2003 definition of malice.

The court of appeals likewise applied this definition but did not examine the record for clear and convincing evidence of such malice. Instead, the court turned its attention to the factors listed in *Alamo National Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981), concluding that the exemplary damages were not excessive. In *Kraus*, we said that exemplary damages should be "reasonably proportioned to actual damages" and then listed a number of factors a court might consider in making that determination. *Id.* While the *Kraus* factors may have value when determining the reasonableness of an award of exemplary damages, they are not a substitute for the threshold inquiry of whether exemplary damages should be awarded in the first place.

The dissent in the court of appeals concluded that there was no clear and convincing evidence of malice but confined its review to subpart (B)'s gross negligence component. 106 S.W.3d 789, 802 (Carter, J. dissenting). Similarly, the parties to this appeal limit their arguments to the gross negligence component. *See* 1995 Tex. Gen. Laws at 809 (formerly Tex. Civ. Prac. & Rem.Code § 41.001(7)(B)). Silva does not contend that Dillard harbored a specific intent to cause him substantial injury or harm. *See id.* § 41.007(A). Assuming, without deciding, that the gross negligence component of the former statutory malice definition may provide a basis for the award of exemplary damages when the underlying actual damages are for an intentional tort such as false imprisonment, we agree with the dissent that there is no evidence of such conduct here.

Subpart (B)'s definition of malice incorporates the objective and subjective elements of this Court's gross negligence standard: "(1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10,

23 (Tex.1994). Extreme risk, we have explained, "means not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Lee Lewis Constr., Inc. v. Harrison,* 70 S.W.3d 778, 785 (Tex. 2001). " '[A]ctual awareness,' means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Id.* While Silva reiterates the circumstances of his detention and complains that his treatment by Dillard was extreme and outrageous, there is no evidence that such conduct exposed him to an extreme risk of substantial harm.

Because there is no clear and convincing evidence of malice in this case as the statute requires, the court of appeals judgment is modified to delete the award of exemplary damages and, as modified, is affirmed.