COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-394-CV

 

 

TARRANT
COUNTY, TARRANT                                           APPELLANTS

COUNTY
SHERIFF=S
DEPARTMENT, 

AND
TARRANT COUNTY SHERIFF

DEE
ANDERSON, IN HIS OFFICIAL

CAPACITY                                                                                         

 

                                                   V.

 

SUSANNE MORALES                                                              APPELLEE

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Introduction








Tarrant County, the Tarrant
County Sheriff=s
Department, and Tarrant County Sheriff Dee Anderson in his official capacity
(collectively, the County)  bring this
interlocutory appeal from the trial court=s order denying their plea to the jurisdiction on Susanne Morales=s negligence and premises defect claims.  In one issue, the County complains that the
trial court erred by denying the plea to the jurisdiction because the County is
immune from suit for  Morales=s claims under article 42.20 of the code of criminal procedure.[1]  The County contends that 1) Morales did not
plead facts sufficient to bring her suit within the Aconscious indifference@ exception to the County=s immunity under article 42.20 because the pleadings are conclusory
and, even if Morales=s pleadings
are taken as true, as a matter of law, they did not allege conscious
indifference, and 2) there is no evidence that the County created an
unreasonable risk of harm to Morales. 
Because we hold that Morales alleged sufficient facts to invoke the
trial court=s subject
matter jurisdiction under the Aconscious indifference@ exception to article 42.20, we affirm. 

Background

Morales was serving a jail
sentence in the Tarrant County Jail=s work release program.  On
March 28, 2001, she reported to the Cold Springs minimum security facility to
obtain her work assignment for the day. 
While in a room containing a row of stadium seating, she bent down to
pick up a piece of garbage from the floor. 
As she did, she put her hand on one of the seats, and the row of chairs
fell on her.  She allegedly sustained
injuries as a result. 








On February 27, 2003, Morales
sued the County, asserting negligence and premises defect claims.  The County generally denied Morales=s causes of action and filed a plea to the jurisdiction.  In its plea to the jurisdiction, the County
asserted that it was immune from suit under article 42.20 of the Texas Code of
Criminal Procedure, which, in connection with a community service or work
program, grants immunity to governmental entities for acts, or failure to act,
performed in an official capacity without conscious indifference to the safety
of others.[2]  Morales then amended her pleadings to allege
that her claims fell within an exception to the immunity provision of article
42.20 because the County acted with conscious indifference.  The County did not amend its plea to the
jurisdiction to challenge Morales=s allegation that it acted with conscious indifference.  The trial court denied the County=s plea to the jurisdiction, and this appeal followed.  

Article 42.20








Article
42.20 of the Texas Code of Criminal Procedure provides immunity to officers and
employees of political subdivisions other than a county, and the government
entities they serve, from damages arising in connection with a community
service or work program established under Chapter 42 of the code, if the act or
failure to act:

(1) was performed pursuant to a court order or
was otherwise performed in an official capacity; and

 

(2) was not
performed with conscious indifference for the safety of others.[3]  

The immunity provisions of article 42.20 do not
apply if the act or failure to act was performed with conscious indifference.[4]  








The term Aconscious indifference@ is not defined in article 42.20. 
The Supreme Court of Texas has held that conscious indifference is an
element of gross negligence.[5]  Gross negligence consists of two elements:
(1) the actor has actual, subjective awareness of the risk involved but
nonetheless proceeds with conscious indifference to the rights and safety or
welfare of others and (2) the conduct at issue is an act or omission involving
an extreme degree of risk, considering the probability and magnitude of the
potential harm to others.[6]  The test for Aconscious indifference@ focuses on the actor=s mental state.[7]
To establish conscious indifference, it is only necessary to show that the
actor proceeded with knowledge that the harm was a Ahighly probable@ consequence
of the act or failure to act; it is not necessary to show that the actor
actually intended to cause harm.[8]   

Jurisdiction








Sovereign
immunity from suit defeats a trial court=s jurisdiction to decide the cause.[9]  Whether a trial court has subject matter
jurisdiction and whether a pleader has alleged facts that affirmatively
demonstrate the trial court=s subject matter jurisdiction are questions of law that we review de
novo.[10]   When a plea to the jurisdiction challenges
only the pleadings, we determine whether the pleader has alleged facts that
affirmatively demonstrate the trial court=s jurisdiction to hear the cause.[11]  We construe the pleadings liberally in favor
of the pleader, look to the pleader=s intent, and accept as true the factual allegations in the pleadings.[12]  If the pleadings do not contain sufficient
facts to affirmatively demonstrate the trial court=s jurisdiction but do not affirmatively demonstrate incurable defects
in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff
should be afforded the opportunity to amend.[13]








If a plea to the jurisdiction
challenges the existence of jurisdictional facts, we consider relevant evidence
submitted by the parties when necessary to resolve the jurisdictional issues
raised, as the trial court is required to do.[14]  If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea
to the jurisdiction, and the fact question will be resolved by the fact finder.[15]  If the relevant evidence is undisputed or
fails to raise a fact question on the jurisdictional issue, however, the trial
court rules on the plea to the jurisdiction as a matter of law.[16]

In this case, the County=s plea to the jurisdiction does not challenge the existence of
jurisdictional facts, and no evidence regarding jurisdiction was presented to
the trial court.  Therefore, we look
solely to  Morales=s pleadings to determine whether the trial court has subject matter
jurisdiction over her claims against the County.[17]


Analysis

In her petition, Morales alleged the following facts:








On the day
of the incident in question, she was serving a jail sentence through a work
release program at the Cold Springs minimum security facility.  When she reported to the facility to obtain
her work assignment, she went to a room where there was a row of stadium
seating.  After receiving her assignment,
Morales bent down to pick up a piece of garbage from the floor, placed her hand
on one of the seats, and the row of chairs fell on her, knocked her to the
floor, and caused her to sustain serious injuries and damages.  The seats were not properly fastened to the
floor.  The Cold Springs facility is
operated by the Tarrant County Sheriff=s Department.  Both the Sheriff
and the County knew that the seats were not properly fastened to the floor, but
they failed to fix the problem or warn her of the danger that it presented.  

Based on these allegations,
Morales claimed that the County was negligent by:

$                  
Failing to properly install the seating;

 

$                  
Failing to properly fasten the seating to the
floor;

 

$                  
Failing to maintain the seating; and

 

$                  
Failing to warn Morales of the hazardous and
dangerous condition. 

 

She further alleged that each of these acts and
omissions amounted to conscious indifference to her safety and proximately
caused her injuries. 

Morales also alleged a
premises defect claim, averring that:

$                  
The County had actual or constructive knowledge
of a condition in the room where the incident in question occurred;

 

$                  
The conditionCthe improperly installed
seatingCposed
an unreasonable risk of harm to her;

 

$                  
The County did not exercise reasonable care to
eliminate the risk or to protect Morales from danger; 

 








$                  
The County>s failure to protect Morales
from danger constituted conscious indifference to her safety and proximately
caused her damages. 

 

 Accepting Morales=s pleadings as true and construing them liberally in her favor, we
hold that Morales pleaded sufficient jurisdictional facts to invoke the trial
court=s subject matter jurisdiction over her claims.  Morales alleged that the County knew that the
stadium seats that fell on her were not properly fastened to the floor, but
took no steps to fix the problem or to warn Morales of the danger.  These allegations are sufficient to
demonstrate that the County performed an act or omission involving an extreme
risk to others, that the County had actual awareness of the risk, and that the
County proceeded with knowledge that the harm was a highly probable consequence
of its alleged failure to act.[18]  Therefore, Morales pleaded sufficient
jurisdictional facts to bring her suit within the Aconscious indifference@ exception to the County=s immunity from suit under article 42.20, and the trial court properly
denied the County=s plea to
the jurisdiction.  








The County argues that the
allegations in Morales=s pleadings
are conclusory, and even when taken as true, do not contain sufficient facts to
affirmatively establish the trial court=s jurisdiction.  We
disagree.  Morales alleged several
specific facts to support her allegation that the County acted with conscious
indifference towards her safety, including that the County knew that the seats
were not properly fastened to the floor, but did nothing to fix the problem or
to warn her of the danger.  Therefore,
her pleadings are not conclusory.[19]









The County further asserts
that there is no evidence that the stadium seats constituted an unreasonable
risk of harm to Morales.  The County=s plea to the jurisdiction, however, did not challenge the existence
of facts supporting Morales=s allegation that the stadium seating posed an unreasonable risk of
harm to Morales.[20]  Consequently, Morales had no burden to
present evidence to the trial court proving such a risk existed.[21]  Instead, the trial court was required to
accept as true Morales=s allegation
that the stadium seats presented an unreasonable risk of harm to her.[22]

Conclusion

For all of the above reasons, we overrule the County=s issue and affirm the trial court=s order denying the County=s plea to the jurisdiction.   

 

 

JOHN CAYCE

CHIEF JUSTICE

 

 

PANEL A:   CAYCE,
C.J.; HOLMAN and WALKER, JJ.

DELIVERED: 
November 2, 2006

 











[1]See Tex. Code Crim. Proc. Ann. art.
42.20(a), (c) (Vernon Supp. 2006).





[2]Id.





[3]Id.; see
also City of Lubbock v. Land, 33 S.W.3d 357, 358 (Tex. App.CAmarillo
2000, no pet.) (discussing which governmental entities are granted immunity by
article 42.20).  





[4]See Tex. Code Crim. Proc. Ann. art.
42.20(a); City of Lubbock, 33 S.W.3d at 358; cf. Gill v. TDCJ, 3
S.W.3d 576, 581-82 (Tex. App.CHouston [1st Dist.] 1999, no
pet.) (holding that under section 497.096 of the government code an inmate who
sues for damages in connection with his community service is required to allege
gross negligence to establish a waiver of immunity). 





[5]See
State v. Shumake, No. 04-0460, 2006 WL 1716304, at *6 (Tex. June
23, 2006).  





[6]See
Dillard Dep=t
Stores, Inc. v. Silva, 148 S.W.3d 370, 373 (Tex. 2004); LaRue v.
Chief Oil & Gas, L.L.C., 167 S.W.3d 866, 879 (Tex. AppCFort
Worth 2005, no pet.); see also City of Lubbock, 33 S.W.3d at 359
(applying the gross negligence definition to article 42.20).  





[7]See
Wal-Mart Stores, Inc. v. Alexander, 868 S.W.2d 322, 325 (Tex.
1993).





[8]See
id. at 325-26.  





[9]Tex.
Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). 





[10]Tex.
Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004); Tex. Natural Res. Conservation Comm'n v. IT‑Davy, 74 S.W.3d
849, 855 (Tex. 2002). 





[11]Miranda, 133
S.W.3d at 226; Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 446 (Tex. 1993). 





[12]See
Miranda, 133 S.W.3d at 226, 228; City of Fort Worth v. Crockett, 142
S.W.3d 550, 552 (Tex. App.CFort Worth 2004, pet.
denied).  





[13]Miranda, 133
S.W.3d at 226; County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.
2002). If the pleadings affirmatively negate the existence of jurisdiction,
then a plea to the jurisdiction may be granted without allowing the plaintiff
an opportunity to amend.  Miranda,
133 S.W.3d at 226-27.





[14]See
Bland ISD v. Blue, 34 S.W.3d 547, 555 (Tex. 2000) (confining the
evidentiary review to evidence that is relevant to the jurisdictional issue). 





[15]Miranda, 133
S.W.3d at 227-28; Bland, 34 S.W.3d at 555.





[16]Miranda, 133
S.W.3d at 227-28; Bland, 34 S.W.3d at 555.





[17]See
Crockett, 142 S.W.3d at 553.  





[18]See Tex. Code Crim. Proc. Ann. art.
42.20(a)(2); Wal-Mart Stores, Inc., 868 S.W.2d at 326; City of
Lubbock, 33 S.W.3d at 359.





[19]Compare
Fain v. Great Spring Waters of Am., 973 S.W.2d 327, 329 (Tex.
App.CTyler
1998) (holding that a landowner=s prayer for punitive  damages, which failed to state specific
allegations of fact, was conclusory), affirmed sub. nom. by Sirpriano v.
Great Spring Waters of Am., 1 S.W.3d 75, 75 (Tex. 1999); Williams v.
Sanderson, 904 S.W.2d 212, 215 (Tex. App.CBeaumont
1995, no pet.) (stating that pleadings which merely cite boiler plate language
without supporting factual allegations are conclusory).  Even assuming Morales=s
pleadings are conclusory, this issue is one of pleading sufficiency that the
County should have raised by written objection in the trial court.  See Tex.
R. Civ. P. 90; In re Mann, 162 S.W.3d 429, 433 (Tex. App.CFort
Worth 2005, no pet.) (requiring a written objection to pleadings to preserve
any complaint about defects in the pleadings on appeal).  Had the County specifically objected to the
alleged defects in Morales=s pleadings, the trial court
would then have been required to give her an opportunity to amend.  Miranda, 133 S.W.3d at 226-27. 





[20]See
Miranda, 133 S.W.3d at 226-27; see also Silva, 148 S.W.3d at 373
(providing the elements of gross negligence); City of Lubbock, 33 S.W.3d
at 359 (applying the gross negligence definition to the Aconscious
indifference@
exception to article 42.20's immunity provision). 





[21]See
Miranda, 133 S.W.3d at 225. 





[22]See
id.  The County itself recognized
at the hearing on its plea to the jurisdiction that Athe
Court, as we understand it, must look at the pleadings to determine this
question.@