NO. 07-06-0214-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 28, 2007



______________________________


 

AMELIA EUGINA MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 52,333-E; HONORABLE W. F. "CORKY" ROBERTS, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Amelia Eugina Moore perfected appeal from her conviction for forgery of
a financial instrument and punishment of two years confinement in a state jail facility. We
agree with appointed counsel's conclusion that the record fails to show any meritorious
issue which would support the appeal and affirm the trial court's judgment. 

 Appellant was charged with passing a forged check to bank teller Patrick Solis
knowing the check was not authorized by the owners of the account. Over her plea of not
guilty the trial court found appellant guilty as charged in the indictment. 

 Appointed counsel for appellant has filed a motion to withdraw and a brief in support
pursuant to Anders v. California, 386 U.S. 738, 744-45 (1976). The brief discusses the
factual and procedural history of the case and the evidence presented. In conformity with
counsel's obligation to support the appeal to the best of her ability, Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.-Waco 1994, pet. ref'd), the brief discusses two potential
issues on appeal and explains why they do not show reversible error. Counsel thus
concludes the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978). 

 Counsel has certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has advised appellant of her right to review the
record and file a pro se response. Johnson, 885 S.W.2d at 645. By letter, this court also
notified appellant of her right to submit a response to the Anders brief and motion to
withdraw filed by her counsel. Appellant has filed a letter response complaining of the
performance of her trial counsel. The State has not filed a brief in this appeal.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

 The potential issues discussed in counsel's brief address the sufficiency of the
evidence supporting the conviction and whether appellant's trial counsel provided
reasonably effective assistance. The evidence included testimony from Marshall Kneisley
that his checkbook was taken in a robbery in December 2005 and he did not authorize
anyone to use checks from that checkbook. Patrick Solis, a bank teller, testified appellant
presented a check from Kneisley's checkbook for payment in May 2006. According to
Solis, when appellant declined to present adequate identification, she left without the
check, stating to her companion, Michael Douglas, (1) "we got to get out of here." The check
also was in evidence. It is made payable to Amelia Moore. Appellant testified in her
defense that she was given the check by a man she met at a party and she only sought
to determine if the bank would honor the check. She stated she did not know the man who
gave her the check was not Kneisley. Counsel's brief discusses the applicable standards
for reviewing the sufficiency of the evidence and concludes the evidence was sufficient to
support the judgment. 

 The second potential issue in counsel's brief, and the sole issue discussed in
appellant's pro se response, address whether appellant's trial counsel presented
reasonably effective assistance. The standard by which appellate review of the
effectiveness of trial counsel is measured is that set out in the seminal case of Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our
Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). 
In order to show that trial counsel was ineffective, a claimant must establish two elements:
(1) counsel's performance was deficient, and (2) the deficient performance prejudiced the
defense. Strickland, 466 U.S. at 687. To be sustained, an allegation of ineffective
assistance of counsel must be firmly founded and affirmatively demonstrated in the record. 
McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App.1996). As counsel discusses, 
the record shows appellant's trial counsel's preparation for trial included personal
interviews of witnesses and shows he made appropriate objections during trial. Defense
counsel presented appellant's version of events through her testimony and obtained a writ
of attachment to secure the presence of Michael Douglas as a defense witness to support
appellant's version. Defense counsel was successful in presenting the favorable testimony
in the absence of the witness through a stipulation. The record does not show appellant
was deprived of the effective assistance of counsel.

 Our review of counsel's brief, including her discussion of potential issues on appeal,
and the record convinces us that appellate counsel conducted a thorough review of the
record. We also have independently examined the entire record in this case to determine
whether there are any non-frivolous grounds which might support the appeal. See Penson
v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813
S.W.2d at 511.

 Having reviewed the record before us, we agree with counsel that the appeal is
frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). Accordingly,
counsel's motion to withdraw is granted (2) and the judgment of the trial court is affirmed. 


Do not publish. 

 

 James T. Campbell

 Justice



1. One of the tellers recognized Douglas as a bank customer.
2. In granting counsel's motion to withdraw, however, we remind counsel to insure
that he has complied with the "educational"duty to inform appellant of her right to file a pro
se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).


 while attempting to climb upon a
slide.  The slide was located in a park
or playground owned and operated by the City. 
Upon being served with suit, the City joined issue and urged that it was
immune from suit, among other things. 
It also moved to dismiss the suit for want of jurisdiction.  Accompanying the motion was another motion
through which it sought summary judgment. 
Though the record does not reflect that the trial court acted upon the
latter motion, it does illustrate that the court denied the former.  And, it is from the order denying the motion
to dismiss that the city appeals.

Issue One  Sovereign Immunity and
Jurisdiction

            The
city initially contends that the trial court erred in overruling its motion to
dismiss.  This is allegedly so because
the Rules failed to illustrate that they had a viable premises defect claim and
failed to plead a cause of action within the scope of the Texas Tort Claims
Act.[1]  We sustain the point.  

            Authority    

            Whether
a trial court has subject matter jurisdiction is a question of law subject to de
novo review.  Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998), cert. denied, 526 U.S.
1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); 
City of Lubbock v. Land, 33 S.W.3d 357, 358 (Tex. App.--Amarillo
2000, no pet.).  Furthermore, the
obligation to establish the existence of such jurisdiction lies with the party
invoking the trial courts authority, normally the plaintiff.  Texas Ass'n of Bus. v. Texas Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
It is his duty to allege facts affirmatively illustrating the presence
of jurisdiction.  Id.[2] 
Yet, if no one questions jurisdiction and unless it is clear from the
pleadings that the court lacks same, jurisdiction must be presumed.[3]  Peek
v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989).  On the other hand, if the complainants
pleading is attacked and the jurisdictional allegations found wanting, the
trial court must grant the complainant reasonable opportunity to correct the
deficiency through amendment.  Id.
at 805; see Texas Assn Bus. v. Air Control Bd, 852 S.W.2d at 805
(recognizing that opportunity to amend is normally afforded the
complainant).  Only after affording that
opportunity and the complainant fails to assert a claim within the trial
courts jurisdiction may it dismiss the suit. 
Id.

            Next,
it is beyond dispute that municipalities enjoy aspects of sovereign
immunity.  This immunity insulates them
from suit and effectively deprives a trial court of jurisdiction to entertain
the cause.  See Texas Dept. Transp.
v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) (describing how immunity from suit,
such as that bestowed by sovereign immunity, vitiates the trial courts
jurisdiction).  Moreover, the claim of
immunity may be presented via a motion to dismiss for want of jurisdiction or a
plea to the jurisdiction of the trial court. 
Id.  To survive such a
motion or plea, it is incumbent upon the complainant to illustrate that the
immunity was somehow waived by statute or express legislative grant.  Id. 
One way to do that is via the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann.
§101.001 et. seq (Vernon Supp. 2001). 


            Through
the Tort Claims Act, our legislature declared that a governmental entity
(including municipalities) could be held liable for 1) damage, injury or death
arising from the negligent operation or use of a motor-driven vehicle or
motor-driven equipment and 2) damage, injury, or death caused by a condition or
use of tangible personalty or realty if the governmental unit would, were it a
private person, be liable to the claimant according to Texas Law.  Tex.
Civ. Prac. & Rem. Code Ann. §101.021(1)(A) & (2).  Thus, to avoid immunity via this Act, the
complainant, through his pleadings, must allege facts illustrating a viable
cause of action involving damage, injury or death 1) arising from the negligent
operation or use of the type of vehicle or equipment described above or 2)
caused by a condition or use of tangible personalty or realty under
circumstances wherein a private person would be liable.  E.g., McBride v. Texas Dept Criminal
Justice, 964 S.W.2d 18, 22 (Tex. App.Tyler 1997, no pet.) (holding that to
state a cause of action under the Act, the plaintiff must allege facts showing
that the negligence was the proximate cause of his injuries and that it
involved the use or condition of tangible property).  In other words, for one to enjoy the window opened by the Tort
Claims Act, they must plead facts which, if accepted as true, satisfy the
elements of the Tort Claims Act.    

            We
caution, however, that the trial court is not to assess the merits of the
underlying cause of action when determining if the pleadings meet the requisite
standard.  Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554 (Tex. 2000). 
That is, it must not require the complainant to prove the merits of his
underlying cause of action.  Again, the
pleadings are normally the focus of the inquiry, though extraneous evidence may
be received by the court depending upon the nature of the jurisdictional
attack.  Id.; see Texas Dept
Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001) (stating that we
must examine the plaintiffs pleadings to decide whether sovereign immunity has
been waived but also consider the evidence presented).[4]  

            Application
of Authority

            As
mentioned above, the factual allegations illustrating the cause of action
asserted by the Rules must be read liberally and in favor of the Rules.  Those allegations illustrate that 1) the
Rules twenty month old daughter placed her hands on a slide which had absorbed
heat from the sun, 2) the heat which had been absorbed burned her hands, 3) the
city maintained the slide in a park it owned, 4) the heat was absorbed by the
slide because protective coating had worn away from the situs at which G.R.
placed her hands, 5) the condition of the slide created an unreasonable risk of
harm, 6) the city admit[ed] actual knowledge of the defect and
acknowledge[d] no actions [were] taken to cure said defect, and 7) the citys
conduct (i.e., knowingly maintaining the defective condition of the
slide) constituted not only negligence but wilful, wanton and gross negligence
as defined by law.  Conceivably, these
allegations could be read as averring a claim of premises liability, i.e.,
breach by an occupier of land of the duties owed to a licensee.[5]  See
Knorpp v. Hale, 981 S.W.2d 469, 471-72 (Tex. App.Texarkana, no
pet.)(describing the elements of such claims). 


            Yet,
given that the pleadings indicate G.R.s injuries were caused by contact with
playground equipment in a city park, another statute comes into play.  It is found at §75.002 of the Civil Practice
and Remedies Code.  Through that
provision, the legislature modified the duty of care normally owed to those
granted permission to enter realty.  It
declared that an owner, lessee, or occupant of realty (other than agricultural
land) who gives permission to another to enter the premises for recreation
does not 1) assure that the premises are safe for that purpose, 2) owe to the
person to whom permission is granted a greater degree of care than that owed a
trespasser, or 3) assume responsibility or incur liability for any injury to
any individual or property caused by any act of a person to whom permission is
granted.  Tex. Civ. Prac. Rem. Code Ann. §75.002(c) (Vernon Supp.
2001).  Furthermore, the term
recreation was defined as including hunting, fishing, swimming, boating,
camping, picnicking, hiking, pleasure driving, nature study, birdwatching, cave
exploration, waterskiing, water sports, and any other activity associated with
enjoying nature or the outdoors.  Id.
at §75.001(3).  That journeying to a
park to enjoy its facilities and playground equipment is akin to picnicking
(albeit without the food) and within the category of an activity associated
with enjoying nature or the outdoors cannot reasonably be disputed.  See Flye v. City of Waco, 50 S.W.3d
645, 647 (Tex. App.--Waco 2001, no pet.)(wherein the use of playground
equipment, i.e. a swing, at a city park was considered to be within the
statutory definition of recreation). 
And, therein lies the obstacle that proves fatal to the Ruless live
pleadings.

            While
the legislature may not have intended for §75.001 et. seq (or what has
become known as the Recreational Use Act) to waive a governmental entitys
sovereign immunity, id. at §75.003(f), the statute nevertheless affects
such an entitys liability under the Tort Claims Act if the premises were used
for recreational purposes.  This is so
because the Recreational Use Act not only applies to governmental entities, id.
at §75.003(e), but also controls the extent of their liability under
circumstances in which. . . [they] would be liable under . . . the Tort Claims
Act.  Id. at §75.003(g).  That is, to the extent that §75.002(c)
applies, the governmental entity need only treat those entering upon the
property as a trespasser.  It owes them
no duties normally due licensees or invitees.[6]  Nor
must it act as a reasonable person would viz-a-viz the potential
claimants.  Instead, the entity may do
that which it would as long as it does not injure the visitor through wilful,
wanton, or grossly negligent conduct. 
See Texas Utils. Elec. Co. v. Timmons, 947 S.W.2d 191, 193 (Tex.
1997) (stating that the duty of care owed to a trespasser is to forego injuring
him through wilful, wanton, or grossly negligent conduct).  And, in stressing the word conduct,
we emphasize that the duty does not encompass injury arising from the condition
of realty but only injury arising from the activity or conduct of the
occupier.   Flye v. City of Waco,
50 S.W.3d 645, 648 (Tex. App.--Waco 2001, no pet.), quoting Smither v. Texas
Utils. Elec., 824 S.W.2d 693, 695 (Tex. App.--El Paso 1992, writ
dismd).  This is so because trespassers
take the premises as they find them.  Id.  So, no duty is owed them viz the
condition of those premises. 

            What
all the foregoing means in simple terms is that to state a viable cause of
action within the scope of §101.021(2) of the Tort Claims Act when the injury
involves realty (and appurtenances thereto) used for recreational purposes, the
claimant must do the following.  It must
allege facts illustrating that injury or death arose from the wilful, wanton,
or grossly negligent conduct of the entity.  
With this in mind, we return to the Rules live pleading.                     Again
construing the Rules first amended petition in a liberal manner, we see that
they seek redress for injuries allegedly caused by the condition of the slide
found at the playground, and the Citys failure to ameliorate or rectify that
condition or otherwise warn others of same. 
So construed, their complaints liken to those of the plaintiff in Flye.  There, a child was struck by a swing located
in a city park, which swing supposedly lacked a protective guard.  His parents sued for redress contending that
the City was grossly negligent in failing to warn of the swings dangerous
condition and failing to correct prior incidents, maintain the condition of the
park, maintain the park equipment, and repair the park equipment.  Flye v. City of Waco, 50 S.W.3d at
647.  These allegations did not evince,
according to the Flye court, activity or conduct causing contemporaneous
injury.  Rather, they evinced misconduct
creating a condition which belatedly caused injury.  And, since the injury did not arise contemporaneously with the
improper omissions but rather a condition made by the omissions, the
chose-in-action sounded in premises liability. 
Id. at 648-49; see Timberwalk Apts., Partners, Inc. v. Cain,
972 S.W.2d 749, 753 (Tex. 1998) (distinguishing between a cause of action
founded upon negligent activity or conduct and one sounding in premises
liability and holding that recovery under a negligent activity theory requires
the injury to be a contemporaneous result of the supposed misfeasance as
opposed to a condition created by the misfeasance); Keetch v. Kroger Co.,
845 S.W.2d 262, 264 (Tex. 1992) (holding the same).[7] 
Finally, because the claim was one of premises liability and the park
and swing were being used for recreational purposes (i.e. as a park and
swing), the city owed the Flyes no duty regarding the condition of the premises
since they were trespassers. Flye of Waco, 50 S.W.2d 649.

            So,
to the extent that the Rules complain (via their first amended petition) about
Lubbocks failure to repair or maintain the playground equipment or warn about
its purportedly hazardous condition, they complain of injury that does not
arise contemporaneously with any misconduct on the part of the city.  Flye v. City of Waco, supra.  Under that circumstance, binding Supreme
Court precedent restricts them to averring a chose-in-action founded upon
premises liability, which the Rules attempted. 
Id.; accord, Timberwalk Apts. Partners, Inc. v. Cain, supra;
Keetch v. Kroger, Inc.   Yet,
this is of no moment since they also alleged facts illustrating that the injury
was caused by a slide located in a city park and on which they played.  In making that allegation, the Rules
triggered application of the Recreational Use Act which bestowed upon them the
status of trespassers.  Tex. Civ. Pract. & Rem. Code Ann.
§75.002(c)(2).  And, being trespassers, they
were owed no duty by the City with regard to the condition of the playground
and its appurtenances.   Flye v. City
of Waco, supra.  Consequently, the
live pleading before us fails to allege facts illustrating a cause of action
upon which the City of Lubbock could be found liable if it were a private
person.  And, because it does not allege
such a cause of action, the Rules fell short of stepping through the window of
opportunity created by the Tort Claims Act. 

            In
sum, the doctrine of sovereign immunity deprives the trial court of
jurisdiction over the choses-in-action at bar, and the trial court erred in
denying the Citys motion to dismiss for want of subject matter
jurisdiction.  Moreover, the error is
harmful in that the trial court may not allow the Rules to continue their
prosecution of the suit in absence of jurisdiction.  However, before we can dismiss the action, see Tex. R. App. Proc. 43.2 (c) (stating
that the appellate court may enter the judgment which the trial court should
have entered), the Rules must be afforded an opportunity to amend their
pleadings and allege a cause of action within the trial courts
jurisdiction.  Texas Assn Bus. v.
Air Control Bd., supra.  Should the
Rules fail to allege such a claim or opt not to, then dismissal is
necessary.  Thus, we reverse the order
of the trial court denying the City of Lubbocks motion to dismiss for want of
jurisdiction and remand the cause for further proceedings commensurate with
this opinion.[8]   

 

                                                                                                Brian Quinn

                                                                                                   Justice

 

 

Publish

 

 

 

 

__











            [1]We note that in alleging this issue on
appeal, the City included grounds that went unmentioned below.  Indeed, it is those arguments unmentioned
below which we find determinative on appeal. Normally, such a circumstance
would result in waiver for a trial court usually must be afforded first
opportunity to consider them.  See Tex. R. App. P. 33.1.  However, because the issue is one of
jurisdiction and cannot be waived, we are obligated to consider the new
contentions to assess whether they illustrate the absence of jurisdiction.   





            [2]Finally, in considering the jurisdictional
allegations contained in a petition, they are to be construed liberally.  City of Lubbock v. Land, 33 S.W.3d
361, 367 (Tex. App.--Amarillo, no pet.). 
So too are they to be read in a manner favoring the litigant pleading
them.  Texas Ass'n of Bus. v. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); City of Lubbock v. Land,
33 S.W.3d at 358.





            [3]This presumption does not relieve the
complainant from proving jurisdiction at trial.  He must still do so.  Peek
v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989)(stating that [i]n the
absence of special exceptions or other motion, defendant waives the right to
complain of such defect if plaintiff establishes . . . jurisdiction before
resting its case.).





            [4]To the extent that the City argued below and
at bar that jurisdiction was wanting since the Rules could not prove it had
knowledge of the defective slide or because the defect did not proximately
cause the injury, the City was asking the trial court to do that which was
cautioned against in Bland. 
Contending that the cause should be dismissed for want of jurisdiction due
to the plaintiffs inability to prove elements of their claim, i.e.,
knowledge and causation, differs from contending that it should be dismissed
since they failed to allege a cause of action within the scope of the
Tort Claims Act.  The former entangles
the trial court in the merits of the case contrary to the directive in Bland
while the latter does not.   The latter,
instead, simply requires perusal of the pleadings to see what was alleged and
whether those allegations fit within the Act. 





            [5]We acknowledge that a licensee need not aver
or prove wilful, wanton or grossly negligent misconduct on the part of the
defendant to recover.  Such is not an
element of the general cause of action. 





            [6]Consequently, §75.002(c) effectively
supplants §101.022(a) of the Texas Civil Practice and Remedies Code when the
premises are used for recreational purposes. 
Section 101.022(a) obligates a governmental entity to treat those
appearing upon its lands as licensees unless payment is made for the use of the
premises.  Tex. Civ. Prac. & Rem. Code Ann. §101.022(a) (Vernon
1997).  However, if the premises are
being used for recreational purposes, the entity need only treat the visitors
as trespassers.    





            [7]Our Supreme Court continues to recognize a
distinction between negligent conduct committed by an occupier of property that
immediately causes injury and the same negligent conduct that does not inflict
immediate or contemporaneous harm. 
The former is actionable via a claim sounding in simple
negligence while the latter must be pursued through a claim founded upon
premises liability.  Timberwalk
Apts., Partners, Inc. v. Cain, 972 S.W.2d 749, 753 (Tex. 1998); Keetch
v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992).  Thus, for instance, one who slips on a substance covering a
grocery store floor at the same time the store employee carelessly sprays the
substance must sue under the theory of negligent activity while a customer who
slips on the same patch of floor an hour after the employee stopped carelessly
spraying the substance must allege a claim sounding in premises liability.  Keetch v. Kroger Co., supra.  Should the injured person in the first
scenario aver a premises liability claim or the injured in the second scenario
allege a claim sounding in mere negligence, neither could recover despite the
fact that the same act effectively caused the same injury.  Why the temporal relationship between the
improper act and injury should be left to dictate the nature of the cause of
action and create a hazardous pitfall for the injured is questionable, as
discussed in Chief Justice Hardbergers concurrence in }fs20 Wal-Mart
Stores, Inc. v. Garza, 27 S.W.3d 64 (Tex. App.--San Antonio 2000, pet.
denied).  This is especially true when
the Recreational Use Act may come into play. 
In that situation, the mere passage of time between the misconduct and
the occurrence of the injury may determine whether the injured has any claim
whatsoever.  For instance, if a hiker in
a city park is injured by falling construction material which a city employee
is then stacking in a wilful, wanton, or grossly negligent way, the city could
arguably be held liable under Keetch. 
Yet, if another hiker encounters the same falling material the next day,
then he would have no cause of action. 
This would be true despite the fact that both hikers are trespassers
under the Recreational Use Act.  And,
the simple reason why it would be true concerns the temporal relationship
between the improper conduct and the injury. 
Having occurred the day after the employee completed his misconduct, the
second hikers injuries would not be contemporaneous with the misconduct, and
his claim would be limited to one of premises liability, i.e. one
founded upon the condition of the property. 
And, because a land owner owes trespassers no duty regarding the
condition of the property, the second hiker would recovery nothing.  On the other hand, the first hikers
injuries would be contemporaneous with the misconduct and therefore
actionable under a claim of negligent activity conducted wilfully, wantonly or
with gross negligence.  Simply put, the
mere passage of time would dictate which one wins and which one loses.   An interesting quirk, but apparently the
law nonetheless.





            [8]Having sustained the Citys first issue relieves
us of having to address its second.