TARRANT COUNTY ET AL.

  

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-394-CV

TARRANT COUNTY, TARRANT      APPELLANTS

COUNTY SHERIFF’S DEPARTMENT, 

AND TARRANT COUNTY SHERIFF

DEE ANDERSON, IN HIS OFFICIAL

CAPACITY 

V.

SUSANNE MORALES APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Introduction

Tarrant County, the Tarrant County Sheriff’s Department, and Tarrant County Sheriff Dee Anderson in his official capacity (collectively, the County)  bring this interlocutory appeal from the trial court’s order denying their plea to the jurisdiction on Susanne Morales’s negligence and premises defect claims.  In one issue, the County complains that the trial court erred by denying the plea to the jurisdiction because the County is immune from suit for  Morales’s claims under article 42.20 of the code of criminal procedure.
(footnote: 1)  The County contends that 1) Morales did not plead facts sufficient to bring her suit within the “conscious indifference” exception to the County’s immunity under article 42.20 because the pleadings are conclusory and, even if Morales’s pleadings are taken as true, as a matter of law, they did not allege conscious indifference, and 2) there is no evidence that the County created an unreasonable risk of harm to Morales.  Because we hold that Morales alleged sufficient facts to invoke the trial court’s subject matter jurisdiction under the “conscious indifference” exception to article 42.20, we affirm. 

Background

Morales was serving a jail sentence in the Tarrant County Jail’s work release program.  On March 28, 2001, she reported to the Cold Springs minimum security facility to obtain her work assignment for the day.  While in a room containing a row of stadium seating, she bent down to pick up a piece of garbage from the floor.  As she did, she put her hand on one of the seats, and the row of chairs fell on her.  She allegedly sustained injuries as a result. 

On February 27, 2003, Morales sued the County, asserting negligence and premises defect claims.  The County generally denied Morales’s causes of action and filed a plea to the jurisdiction.  In its plea to the jurisdiction, the County asserted 
that it was immune from suit under article 42.20 of the Texas Code of Criminal Procedure, which, in connection with a community service or work program,
 grants immunity to governmental entities for acts, or failure to act, performed in an official capacity without conscious indifference to the safety of others.
(footnote: 2)  
Morales then amended her pleadings to allege that her claims fell within an exception to the immunity provision of article 42.20 because the County acted with conscious indifference.  The County did not amend its plea to the jurisdiction to challenge Morales’s allegation that it acted with conscious indifference.  The trial court denied the County’s plea to the jurisdiction, and this appeal followed.  

Article 42.20

Article 42.20 of the Texas Code of Criminal Procedure provides immunity to officers and employees of political subdivisions other than a county, and the government entities they serve, from damages arising in connection with a community service or work program established under Chapter 42 of the code, if the act or failure to act:

(1) was performed pursuant to a court order or was otherwise performed in an official capacity; and

(2) was not performed with
 conscious indifference 
for the safety of others.
(footnote: 3)  

The immunity provisions of article 42.20 do not apply if the act or failure to act was performed with conscious indifference.
(footnote: 4) 

The term “conscious indifference” is not defined in article 42.20.  The Supreme Court of Texas has held that conscious indifference is an element of gross negligence.
(footnote: 5)  Gross negligence consists of two elements: (1) the actor has actual, subjective awareness of the risk involved but nonetheless proceeds with conscious indifference to the rights and safety or welfare of others and (2) the conduct at issue is an act or omission involving an extreme degree of risk, considering the probability and magnitude of the potential harm to others.
(footnote: 6)  The test for “conscious indifference” focuses on the actor’s mental state.
(footnote: 7) To establish conscious indifference, it is only necessary to show that the actor proceeded with knowledge that the harm was a “highly probable” consequence of the act or failure to act; it is not necessary to show that the actor actually intended to cause harm.
(footnote: 8)   

Jurisdiction

Sovereign immunity from suit defeats a trial court’s jurisdiction to decide the cause.
(footnote: 9)  
Whether a trial court has subject matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court’s subject matter jurisdiction 
are questions of law that we review de novo.
(footnote: 10)   
When a plea to the jurisdiction challenges only the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court’s jurisdiction to hear the cause.
(footnote: 11)  We construe the pleadings liberally in favor of the pleader, look to the pleader’s intent, and accept as true the factual allegations in the pleadings.
(footnote: 12)  If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court’s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend.
(footnote: 13)
 If 
a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do.
(footnote: 14)  
If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact finder.
(footnote: 15)  If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law.
(footnote: 16)
 In this case, the County’s plea to the jurisdiction does not challenge the existence of jurisdictional facts, and no evidence regarding jurisdiction was presented to the trial court.  Therefore, we look solely to  Morales’s pleadings to determine whether the trial court has subject matter jurisdiction over her claims against the County.
(footnote: 17) 

Analysis

In her petition, Morales alleged the following facts:

On the day of the incident in question, she was serving a jail sentence through a work release program at the Cold Springs minimum security facility.  When she reported to the facility to obtain her work assignment, she went to a room where there was a row of stadium seating.  After receiving her assignment, Morales bent down to pick up a piece of garbage from the floor, placed her hand on one of the seats, and the row of chairs fell on her, knocked her to the floor, and caused her to sustain serious injuries and damages.  The seats were not properly fastened to the floor.  The Cold Springs facility is operated by the Tarrant County Sheriff’s Department.  Both the Sheriff and the County knew that the seats were not properly fastened to the floor, but they failed to fix the problem or warn her of the danger that it presented.  

Based on these allegations, Morales claimed that the County was negligent by:

Failing to properly install the seating;

Failing to properly fasten the seating to the floor;

Failing to maintain the seating; and

Failing to warn Morales of the hazardous and dangerous condition. 

She further alleged that each of these acts and omissions amounted to conscious indifference to her safety and proximately caused her injuries. 

Morales also alleged a premises defect claim, averring that:

The County had actual or constructive knowledge of a condition in the room where the incident in question occurred;

The condition—the improperly installed seating—posed an unreasonable risk of harm to her;

The County did not exercise reasonable care to eliminate the risk or to protect Morales from danger; 

The County‘s failure to protect Morales from danger constituted conscious indifference to her safety and proximately caused her damages. 

 Accepting Morales’s pleadings as true and construing them liberally in her favor, we hold that Morales pleaded sufficient jurisdictional facts to invoke the trial court’s subject matter jurisdiction over her claims.  Morales alleged that the County knew that the stadium seats that fell on her were not properly fastened to the floor, but took no steps to fix the problem or to warn Morales of the danger.  These allegations are sufficient to demonstrate that the County performed an act or omission involving an extreme risk to others, that the County had actual awareness of the risk, and that the County proceeded with knowledge that the harm was a highly probable consequence of its alleged failure to act.
(footnote: 18)  Therefore, Morales pleaded sufficient jurisdictional facts to bring her suit within the “conscious indifference” exception to the County’s immunity from suit under article 42.20, and the trial court properly denied the County’s plea to the jurisdiction.  

The County argues that the allegations in Morales’s pleadings are conclusory, and even when taken as true, do not contain sufficient facts to affirmatively establish the trial court’s jurisdiction.  We disagree.  Morales alleged several specific facts to support her allegation that the County acted with conscious indifference towards her safety, including that the County knew that the seats were not properly fastened to the floor, but did nothing to fix the problem or to warn her of the danger.  Therefore, her pleadings are not conclusory.
(footnote: 19) 

The County further asserts that there is no evidence that the stadium seats constituted an unreasonable risk of harm to Morales.  The County’s plea to the jurisdiction, however, did not challenge the existence of facts supporting Morales’s allegation that the stadium seating posed an unreasonable risk of harm to Morales.
(footnote: 20)  Consequently, Morales had no burden to present evidence to the trial court proving such a risk existed.
(footnote: 21)  Instead, the trial court was required to accept as true Morales’s allegation that the stadium seats presented an unreasonable risk of harm to her.
(footnote: 22)
Conclusion

For all of the above reasons, we overrule the County’s issue and affirm the trial court’s order denying the County’s plea to the jurisdiction.   

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED:  November 2, 2006

                                                  

FOOTNOTES
1:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.20(a), (c) (Vernon Supp. 2006).

2:
Id.

3:
Id.
; 
see also City of Lubbock v. Land
, 33 S.W.3d 357, 358 (Tex. App.—Amarillo 2000, no pet.) (discussing which governmental entities are granted immunity by article 42.20).  

4:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.20(a);
 City of Lubbock,
 33 S.W.3d at 358; 
cf. Gill v. TDCJ
, 3 S.W.3d 576, 581-82 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding that under section 497.096 of the government code an inmate who sues for damages in connection with his community service is required to allege gross negligence to establish a waiver of immunity). 

5:
See State v. Shumake
, No. 04-0460, 2006 WL 1716304, at *6 (Tex. June 23, 2006).  

6:
See Dillard Dep’t Stores, Inc. v. Silva
, 148 S.W.3d 370, 373 (Tex. 2004);
 LaRue v. Chief Oil & Gas, L.L.C
., 167 S.W.3d 866, 879 (Tex. App—Fort Worth 2005, no pet.); 
see also City of Lubbock
, 33 S.W.3d at 359 (applying the gross negligence definition to article 42.20).  

7:
See Wal-Mart Stores, Inc. v. Alexander
, 868 S.W.2d 322, 325 (Tex. 1993).

8:
See id.
 at 325-26.  

9:
Tex. Dep’t of Transp. v. Jones
, 8 S.W.3d 636, 638 (Tex. 1999). 

10:
Tex. Dep’t of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 226 (Tex. 2004); 
Tex. Natural Res. Conservation Comm'n v. IT-Davy
, 74 S.W.3d 849, 855 (Tex. 2002). 

11:
Miranda
, 133 S.W.3d at 226
;
 Tex. Ass'n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993). 

12:
See Miranda
, 133 S.W.3d at 226, 228; 
City of Fort Worth v. Crockett
, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied).  

13:
Miranda
, 133 S.W.3d at 226; 
County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002). 
If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend
.  
Miranda
, 133 S.W.3d at 226-27.

14:
See Bland ISD v. Blue
, 34 S.W.3d 547, 555 (Tex. 2000) (confining the evidentiary review to evidence that is relevant to the jurisdictional issue). 

15:
Miranda
, 133 S.W.3d at 227-28; 
Bland
, 34 S.W.3d at 555.

16:
Miranda
, 133 S.W.3d at 227-28; 
Bland
, 34 S.W.3d at 555.

17:
See Crockett
, 142 S.W.3d at 553.  

18:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.20(a)(2); 
Wal-Mart Stores, 
Inc., 868 S.W.2d at 326; City 
of Lubbock
, 33 S.W.3d at 359.

19:
Compare Fain v. Great Spring Waters of Am.
, 973 S.W.2d 327, 329 (Tex. App.—Tyler 1998) (holding that a landowner’s prayer for punitive  damages, which failed to state specific allegations of fact, was conclusory), 
affirmed sub. nom. by Sirpriano v. Great Spring Waters of Am.
, 1 S.W.3d 75, 75 (Tex. 1999); 
Williams v. Sanderson
, 904 S.W.2d 212, 215 (Tex. App.—Beaumont 1995, no pet.) (stating that pleadings which merely cite boiler plate language without supporting factual allegations are conclusory).  Even assuming Morales’s pleadings are conclusory,
 this issue is one of pleading sufficiency that the County should have raised by written objection in the trial court.  
See 
Tex. R. Civ. P.
 90; 
In re Mann
, 162 S.W.3d 429, 433 (Tex. App.—Fort Worth 2005, no pet.) (requiring a written objection to pleadings to preserve any complaint about defects in the pleadings on appeal).
  Had the County specifically objected to the alleged defects in Morales’s pleadings, the trial court would then have been required to give her an opportunity to amend.
  
Miranda
, 133 S.W.3d at 226-27. 

20:
See Miranda
, 133 S.W.3d at 226-27; 
see also Silva
, 148 S.W.3d at 373 (providing the elements of gross negligence); 
City of Lubbock
, 33 S.W.3d at 359 (applying the gross negligence definition to the “conscious indifference” exception to article 42.20's immunity provision)
. 

21:
See Miranda
, 133 S.W.3d at 225
.
 

22:
See id.
  The County itself recognized at the hearing on its plea to the jurisdiction that “the Court, as we understand it, must look at the pleadings to determine this question.”