NO. 12-09-00117-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TEXAS PARKS AND WILDLIFE                 
§                  APPEAL FROM THE 241ST

DEPARTMENT,

APPELLANT

 

V.                                                                      
§                   JUDICIAL DISTRICT COURT 

 

 

KENNETH W. GARLAND,

APPELLEE                                                     
§                   SMITH COUNTY, TEXAS







 

OPINION

            The Texas Parks and Wildlife Department (“TPWD”)
appeals the denial of its plea to the jurisdiction in a lawsuit brought against
it by Kenneth W. Garland.  In one issue, TPWD asserts that the trial court
should have granted the plea because Garland’s lawsuit was barred by sovereign
immunity.  We reverse and dismiss.

 

Background

            On
June 30, 2003, Garland was performing court ordered community service at Tyler
State Park, a TPWD-operated park, and was assigned to trash collection.  A TPWD
employee drove Garland around in a pickup truck so that he could empty trash
barrels and remove litter from the roadside.  Garland rode in the bed of the
pickup.  While the pickup was moving, Garland fell from the back of the truck,
suffering significant injuries.

            Garland
sued TPWD, alleging that the TPWD driver had negligently operated the truck,
resulting in his fall and injuries.  TPWD filed a plea to the jurisdiction,
alleging that sovereign immunity barred Garland’s lawsuit.  Following a
hearing, the trial court denied the plea.  This interlocutory appeal followed.

Plea to the Jurisdiction

            In its
sole issue, TPWD argues that sovereign immunity bars Garland’s lawsuit.  More
specifically, TPWD asserts that Garland’s pleadings fail to affirmatively demonstrate
jurisdiction.

Sovereign
Immunity

            In
1847, the Texas Supreme Court held that “no State can be sued in her own courts
without her consent, and then only in the manner indicated by that consent.”  Hosner
v. DeYoung, 1 Tex. 764, 769 (1847).  This immunity also applies to “the
various divisions of state government, including agencies, boards, hospitals,
and universities.”  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d
692, 694 n.3 (Tex. 2003).  In this context, it is referred to as sovereign
immunity.  Id.  

            In
Texas, sovereign immunity has two components: immunity from suit and immunity
from liability.  Gen. Servs. Comm’n v. Little-Tex Insulation Co., Inc.,
39 S.W.3d 591, 594 (Tex. 2001).  Immunity from suit is jurisdictional and
bars suit; immunity from liability is not jurisdictional and protects from
judgments.  Harris County Hosp. Dist. v. Tomball Reg’l Hosp., 283
S.W.3d 838, 842 (Tex. 2009).  Sovereign immunity from suit deprives a trial
court of subject matter jurisdiction.  Reata Constr. Corp. v. City of
Dallas, 197 S.W.3d 371, 374 (Tex. 2006).            

Standard of
Review

            The
absence of subject matter jurisdiction may be raised by a plea to the
jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  Whether a court has subject matter jurisdiction is a question of
law.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d
217, 226 (Tex. 2004).  An appellate court addressing a challenge to a trial
court’s subject matter jurisdiction reviews the trial court’s ruling de novo.  Id.
at 228.  The reviewing court exercises its own judgment and redetermines each
issue of fact and law.  See Schade v. Tex. Workers’ Comp. Comm’n,
150 S.W.3d 542, 549 (Tex. App.–Austin 2004, pet. denied) (citing Quick v.
City of Austin, 7 S.W.3d 109, 116 (Tex. 1998)).  The reviewing court
accords the trial court’s decision no deference.  See Schade,
150 S.W.3d at 549 (citing Quick, 7 S.W.3d at 116).  When a
conclusion of law is erroneous, but the trial court reached the right result,
the erroneous conclusion of law does not require reversal.  See BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002).  If a
trial court lacks jurisdiction over some claims but not others, the trial court
should dismiss those claims over which it does not have subject matter
jurisdiction but retain those claims over which it does.  See Thomas
v. Long, 207 S.W.3d 334, 339 (Tex. 2006).

            “When
a plea to the jurisdiction challenges the pleadings, we determine if the
pleader has alleged facts that affirmatively demonstrate the court’s
jurisdiction to hear the cause.”  Miranda, 133 S.W.3d at 226.  We
construe the pleadings liberally in favor of the plaintiff and look to the
pleader’s intent.  Id.  If the pleadings affirmatively negate the
existence of jurisdiction, a plea to the jurisdiction may be granted without
allowing the plaintiff an opportunity to amend.  Id. at 227.  If
the pleadings do not contain sufficient facts to affirmatively demonstrate the
trial court’s jurisdiction but do not affirmatively demonstrate incurable
defects in jurisdiction, the issue is one of pleading sufficiency and the
plaintiff should be afforded the opportunity to amend.  Id. at
226-27.  If a plaintiff has been provided a reasonable opportunity to amend
after a governmental entity files its plea to the jurisdiction, and the
plaintiff’s amended pleading still does not allege facts that would constitute
a waiver of immunity, the trial court should dismiss the plaintiff’s action.  Harris
County v. Sykes, 136 S.W.3d 635, 639 (Tex. 2004).  “Such a dismissal is
with prejudice because a plaintiff should not be permitted to relitigate
jurisdiction once that issue has been finally determined.”  Id.

Garland’s
Pleadings

            In
order for the State’s immunity to be waived and the trial court to have
jurisdiction, a party must show that the State has consented to suit.  See
Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248
(Tex. 2002).  Consent can be established by statute or legislative resolution. Id.
 In very limited situations, consent can be established by conduct.  See,
e.g., Reata Constr., 197 S.W.3d at 376-77.  Garland’s
pleadings present facts in support of pleaded assertions that the legislature
has consented to suits such as his by way of section 101.021 of the Texas Tort
Claims Act.[1]  See Tex. Civ. Prac. & Rem. Code
Ann. § 101.021 (Vernon 2005).

            As it
did in its plea, TPWD asserts here that section 101.021 does not provide
Garland the necessary waiver of immunity when that section is read in light of
article 42.20 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 42.20
(Vernon 2006).  Article 42.20(b) provides that

 

[the Texas Tort Claims Act] does not apply
to a claim based on an act or a failure to act of an individual [who is an
officer or employee of a state agency or of a political subdivision other than
a county] or a governmental entity the officer serves as an officer or employee
if the act or failure to act is in connection with [a community service program
or work program].

 

 

See id.  Thus, TPWD argues the plain language of
article 42.20(b) negates any consent to suit that might otherwise be provided
by section 101.021.  Because Garland asserts no other basis for the State’s
alleged consent to suit, TPWD claims that it is immune from Garland’s suit and
the trial court erred in denying its plea to the jurisdiction.

            Garland
argues that article 42.20(b) does not negate the Texas Tort Claims Act as to
the actions complained of in his suit because the driver’s actions were
ministerial, not discretionary.  Alternatively, Garland argues that article
42.20(b) applies only to acts “not performed with conscious indifference to the
safety of others.”  See Tex. Code
Crim. Proc. Ann. art. 42.20(a)(2).  Because he contends that the
driver’s actions were committed with conscious indifference to the safety of
others, Garland asserts that article 42.20(b) is inapplicable to his case and
that he can utilize the Texas Tort Claims Act to establish TPWD’s consent to
suit by statute.

Statutory
Construction

            In
construing a statute, our primary objective is to determine and give effect to the
legislature’s intent in enacting it.  McIntyre v. Ramirez, 109
S.W.3d 741, 745 (Tex. 2003).  In determining legislative intent, we examine the
entire act, not just isolated portions of it.  City of San Antonio v.
City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003).  We start with the plain
and common meaning of the statute’s words.  McIntyre, 109 S.W.3d
at 745.  Unless the statute is ambiguous, we determine the legislature’s intent
from the language of the statute itself. Continental Cas. Co. v. Downs,
81 S.W.3d 803, 805 (Tex. 2002).  We must presume that every word of the statute
has been used for a purpose and that every word excluded from the statute has
been excluded for a purpose.  Laidlaw Waste Sys. (Dallas), Inc. v. City
of Wilmer, 904 S.W.2d 656, 659 (Tex. 1995).  We should not insert words
into the statute except to give effect to clear legislative intent.  Id. 
We presume that the legislature enacted the statute with complete knowledge of
existing law and with reference to it.  Acker v. Tex. Water Comm’n,
790 S.W.2d 299, 301 (Tex. 1990).  We also may consider the object sought to be
obtained by the statute and the consequences of a particular construction. Tex. Gov’t Code Ann. § 311.023 (Vernon 2005).

            Chapter 42 of the code of criminal procedure
focuses on the judgment and sentence in criminal cases.  Article 42.20 of that
chapter is entitled “Immunities.”  Article 42.20(a) provides immunity from certain
acts or failures to act in connection with a community service program or work
program, if the acts or failures to act were not performed with conscious
indifference for the safety of others.  See Tex. Code Crim. Proc. Ann. art.
42.20(a).

Article 42.20(b), however, has no such limiting language.  See
Tex. Code Crim. Proc. Ann. art. 42.20(b).  It simply
states that the Texas Tort Claims Act does not apply to a claim based on an act
by a state employee related to a community service program.  Therefore, the
plain language of the statute supports TPWD’s assertion that the Texas Tort
Claims Act is inapplicable to Garland’s claims.

Further, the object sought to be obtained by the statute is
immunity.  The consequence of construing article 42.20(b) so that the Texas
Tort Claims Act is inapplicable to claims related to community service program
actions is immunity for the governmental entity.  To encourage state agencies to participate in community
service programs, it certainly is conceivable that the legislature intended
such a result.  Finally, to arrive at either of Garland’s proposed constructions,
we would need to insert words into the statute.  Because there is no clear
legislative intent for us to do so, we decline Garland’s invitation.  See
Laidlaw Waste, 904 S.W.2d at 659.

Garland relies heavily on Tarrant County v. Morales,
207 S.W.3d 870 (Tex. App.–Fort Worth 2006, no pet.).  However, the Morales
court did not construe article 42.20(b).  See id. at 876.  Nor
did it hold that the Texas Tort Claims Act applies to acts related to a
community service program.  See id.  

“[F]or the Legislature to waive sovereign immunity [by
enacting a statute], it must do so by clear and unambiguous language.”  Univ.
of Tex. Med. Branch at Galveston v. York, 871 S.W.2d 175, 177 (Tex.
1994).  In light of article 42.20(b), Garland cannot demonstrate a clear and
unambiguous waiver of sovereign immunity.  Therefore, a plea to the
jurisdiction was proper.

Constitutionality
of Article 42.20

            Garland
alleges on appeal that article 42.20(b) is unconstitutional.  He argues that it
constitutes the creation of a special law, or a special privilege, in violation
of the Texas Constitution.  He also argues that it violates the Due Process
Clause and Equal Protection Clause of the United States Constitution

            A
special law is one “limited to a particular class of persons distinguished by
some characteristic other than geography.”  Ford Motor Co. v. Sheldon,
22 S.W.3d 444, 450 (Tex. 2000).  Nevertheless, the legislature maintains broad
authority to make classifications for legislative purposes.  Id. 
The constitutional limitation on this authority requires a broad enough
classification to ensure a substantial class and a legitimate basis to
distinguish the class from others with respect to the public purpose of the
legislation.  Id.  The ultimate test is whether there is a
reasonable basis for the classification and whether the law treats all within
the class equally.  Id. at 451.  Garland also asserts that the
statute creates a special privilege or emolument in violation of article I, section
3 of the Texas Constitution.  So long as the classification does not
distinguish between persons on a suspect basis or impinge on a fundamental
right, a statute does not violate this constitutional provision if it is
rationally related to a legitimate state purpose. Trinity River Auth. v.
URS Consultants, Inc.–Tex., 889 S.W.2d 259, 264 (Tex. 1994). 

            To
demonstrate that the statute violates the Due Process Clause substantively,
Garland must establish that he was deprived of a constitutionally protected
right by an arbitrary use of the state’s power.  Byers v. Patterson,
219 S.W.3d 514, 525 (Tex. App.–Tyler 2007, no pet.).  If the statute is
rationally related to furthering a legitimate state interest, the statute
satisfies the Due Process Clause.  Id. To demonstrate that the
statute violates the Equal Protection Clause, Garland must establish that he
was treated differently from other similarly situated parties and that he was
treated differently without a reasonable basis.  See Sanders v. Palunsky,
36 S.W.3d 222, 225 (Tex. App.–Houston [14th Dist.] 2001, no pet.).  A statute
that does not single out members of a suspect class or implicate a fundamental
right need only be rationally related to a legitimate state interest to satisfy
the Equal Protection Clause.  See id.

            To
encourage state agencies to participate in these programs and to combat
litigation abuse from the participants, the legislature deemed it necessary to
make the Texas Tort Claims Act inapplicable to claims arising from actions
related to a community service program.  Here, article 42.20(b) serves a
legitimate state interest in implementing a community service program.  And article
42.20(b) is reasonably and rationally related to that interest.  Further,
Garland is not a member of a suspect class and no fundamental right is
implicated by the operation of article 42.20(b).  Therefore, Garland’s
constitutional challenges fail.

 

Conclusion

            Garland’s
pleadings affirmatively negate the existence of subject matter jurisdiction.  See
Miranda, 133 S.W.3d at 227.  Therefore, the trial court erred by
denying TPWD’s plea to the jurisdiction.  Accordingly, we sustain TPWD’s sole
issue.[2]  Generally, the proper remedy when a court lacks subject
matter jurisdiction is to dismiss the case without prejudice, but when a
dispositive defect cannot be remedied, dismissal with prejudice is proper.  Cf.
Hickman v. Adams, 35 S.W.3d 120, 124 (Tex.
App.–Houston [14th Dist.] 2000, no pet.).  Therefore, the trial court should
have granted the plea and dismissed these claims with prejudice.  Accordingly,
we reverse the order of the trial court denying TPWD’s plea to
the jurisdiction and dismiss Garland’s action, with prejudice,
for lack of subject matter jurisdiction.  See Sykes, 136
S.W.3d at 639 (requiring dismissal with prejudice where plaintiff previously
had opportunity to amend); see also Tex.
R. App. P. 43.2 (authorizing court of appeals to reverse the trial
court’s judgment and render the judgment the trial court should have rendered).

 

                                                                                                Brian Hoyle

                                                                                         
             Justice

 

 

Opinion delivered May 28, 2010.

Panel consisted of Worthen, CJ., Griffith,
J. and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









                [1] Section 101.021 states
that

 

                [a] governmental unit . . . is liable
for

 

(1) property
damage, personal injury, and death proximately caused by the wrongful act or
omission or the negligence of an employee acting within his scope of employment
if: 

 

                (A)
the property damage, personal injury, or death arises from the operation or use
of a    motor-driven vehicle or motor-driven equipment; and 

                (B)
the employee would be personally liable to the claimant according to Texas law;
and 

 

(2) personal
injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law.

 

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).





                        [2] Because we have
sustained TPWD’s challenge to Garland’s pleadings, we do not reach TPWD’s
arguments related to the existence of jurisdictional facts.  See Tex. R. App. P. 47.1.