## COLEMAN v. WRIGHT et al.

### No. 2227.

Court of Civil Appeals of Texas. Waco.

Jan. 25, 1940.

Bishop & Parsons, of Athens, and J. S. Simkins, of Corsicana, for appellant.

Richard & A. P. Mays and C. L. Milburn, all of Corsicana, for appellees.

TIREY, Justice.

This is an appeal from an order granting a temporary injunction after notice and hearing by the judge of the District Court of Navarro County. The parties will be designated as in the lower court. Plaintiff described his tract of land by metes and bounds, and alleged that it was his homestead and was used for homestead purposes, and further alleged that Gertie Wilson and others owned jointly a tract of 138 acres situated and lying between the lands of plaintiff and defendant Coleman. Plaintiff then complained as follows:

"That C. H. Coleman by and through Cox Brothers, contractors of Corsicana, Navarro county, Texas, are at this time digging, widening, deepening and lengthening certain ditches, levees or canals located on the land of the Colemans and Cains to such an extent as to divert the natural flow of the surface water of the adjacent territory from its natural channel and to carry and convey the said surface waters of the adjacent territory over and on plaintiff's land, washing said plaintiff's land and damaging plaintiff's land to a considerable extent. That defendants have no right or easement to divert the natural flow of said surface water over and on the land of plaintiff, and although plaintiff has requested and directed defendants to desist from same, the defendants, without right, and contrary to law, still continue to prosecute the same.

"That plaintiff has no means by which to stop said diversion of the natural flow of the surface water upon and over his land and if defendants are allowed to continue the digging, deepening, widening or lengthening of said ditches, levees or canals his land will become valueless and he and his wife will be unable to use same for the purposes of a homestead or to earn their livelihood therefrom.

"That there is now a suit pending in this court against defendant C. H. Coleman and others for damages arising out of the diversion of the natural flow of the surface waters as aforesaid and unless defendants are restrained they will do plaintiff irreparable injury during the pendency and determination of said cause, for which there is no adequate remedy at law."

Plaintiff's prayer for relief followed his pleadings and, among other things, asked that "said injunction be made permanent pending determination of said damage suit", and for general relief and costs of suit.

The defendants urged general demurrer and various special exceptions to plaintiff's bill for injunction. Said exceptions, among other things, charged that the allegations in the petition were conclusions only and that no facts were alleged supporting said conclusions and showing how or in what manner the acts complained of could wash the land in question or damage same. We quote in full one of the special exceptions urged: "This defendant says that said petition alleges that the land belonging to the Colemans and Cains, and on which C. H. Coleman is digging, widening, and lengthening certain ditches, levees and canals is not contiguous to plaintiff's land, but that a tract of 138 acres of land is situated between the lands of plaintiff and that belonging to the Colemans and Cains, and no facts are alleged showing how or in what way or manner such digging, widening or lengthening can adversely affect or cause damage to plaintiff's land, and of this he prays judgment of the court."

Upon hearing of the petition, the court overruled the general demurrer and each of the special exceptions thereto and granted a temporary injunction to the plaintiff as prayed for whereby the defendants "are hereby enjoined and restrained from diverting the natural flow of the surface waters of the adjacent territory and from further prosecuting the digging, widening, deepening or lengthening of said ditches, levees or canals on the said lands of plaintiff or defendant, or any land in the watershed of Battle Creek north or west of plaintiff's land, pending the termination of said damage suit alleged in plaintiff's petition, and from doing any act tending to divert the same, or in any manner damaging or injuring plaintiff's land, crops or tenements so owned, occupied and possess-

ed by him until the final termination of this suit."

There is no statement of facts. The action of the trial court in overruling the general demurrer and special exceptions to the plaintiff's petition is assigned as error.

This court, in Elder v. Highsmith, Tex.Civ.App., 10 S.W.2d 736 and Plough, Inc. v. Moore, Tex.Civ.App., 56 S.W.2d 681, 682, stated very clearly the rule for the trial courts in passing upon the sufficiency of petition for injunction. The court said: "The petition should allege all, and negative all, which is necessary to establish the right to the injunction. In Gillis v. Rosenheimer, 64 Tex. [243] 246, our Supreme Court said: 'The rule of pleading, that the statements of a party are to be taken most strongly against himself, is re-enforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief.' "

In Bluitt v. Pearson, 117 Tex. 467, 7 S.W.2d 524, 526, the Commission of Appeals said:

"That a mere legal conclusion of the pleader will not stand as against a general demurrer is well settled by the decisions of our Supreme Court. * * *

"A court is not at liberty to read into a pleading which merely states a conclusion of law, the facts necessary to raise the issue to support such conclusion."

Again in the case of Kampmann v. Stappenbeck, Tex.Civ.App., 45 S.W.2d 761, 762, writ dismissed, the court stated the rule as applicable to injunctions as follows: "The bill for equitable relief cannot be based upon broad conclusions or indefinite assertions as to sustaining irreparable injury and as to having no adequate remedy at law, but facts showing these matters must be clearly and fully pleaded so that the chancellor and not the pleader can draw the conclusions. Not only should affirmative facts be pleaded, but the bill should negative all probable matters that might prevent relief. * * * No presumption can be indulged in regard to the allegations, but their sufficiency must be judged in the light of the allegations rigorously construed."

Tested by the above rules, (and in view of the discussion of Article 7589a of our Revised Statutes by the Commission of Appeals in the case of Johnson v. McMahon, 118 Tex. 633, 15 S.W.2d 1023 and of our Supreme Court in Miller v. Letzerich, 121 Tex. 248, 49 S.W.2d 404, 85 A.L.R. 451 and International-Great Northern R. Co. v. Reagan, 121 Tex. 233, 49 S.W. 2d 414) we have determined that the plaintiff's bill for injunction is insufficient and that the trial court erred in its failure to sustain general demurrer and special exceptions thereto.

The order granting the temporary injunction will be here reversed and the application therefor is remanded to the trial court.