PECOS COUNTY WATER CONTROL AND
IMPROVEMENT DISTRICT NO. I,
Appellant,

v.

Clayton W. WILLIAMS et al., Appellees.

No. 5024.

Court of Civil Appeals of Texas.

El Paso.

June 21, 1954.

Rehearing Denied Sept. 29, 1954.

Garland Casebier and Hart Johnson, Fort Stockton, Brian Montague, Del Rio, for appellant.

Maurice R. Bullock, Fort Stockton, Looney, Clark & Moorehead, Charles D. Matthews, Everett L. Looney, Austin, Will A. Hadden, Jr., Fort Stockton, Upton, Upton, Baker & Griffis, San Angelo, Kelly, Looney, McLean & Littleton, Edinburg, for appellees.

Joe R. Greenhill, Austin (Graves, Dougherty & Greenhill, Austin, of counsel), amicus curiae for High Plains Underground Water Conservation Dist. No. 1.

FRASER, Justice.

The plaintiff below is appellant here and the parties will hereinafter be described as they were in the trial court, appellees having been defendants and appellant having been plaintiff.

The controversy arose by virtue of the fact that plaintiff claims and alleges that the properties serviced by it have used and enjoyed the waters of Comanche Springs for some ninety years, and that prior to the institution of this lawsuit about 1951 the defendants, owners of land south and west of said springs, drilled various water wells and began pumping them with mechanical pumps, and that as a result Comanche Springs ceased flowing and plaintiffs were unable to use the waters therefrom for irrigation, as they had done for many years. The lands of plaintiff are located north and east of the said Comanche Springs. Plaintiff alleges that since the drilling of said wells and the

pumping therefrom that the springs have been materially reduced in flow and at times completely dried up.

This suit was brought by plaintiff against the various defendants, asking the trial court to enjoin said defendants from interfering with the normal flow of Comanche Springs, Pecos County, Texas, except for use by the city of Fort Stockton; for a declaration of plaintiff's right and title to the flow of said springs and the sources thereof; and that defendants be restrained from drilling further wells; for the appointment of a test master; and for a declaration of plaintiff's correlative rights and riparian rights to the waters and source of the waters of Comanche Springs.

Plaintiff states that it is entitled by virtue of actual and statutory appropriation to the waters of Comanche Springs and to the sources thereof and to the right to protect said sources. Plaintiff also claims title to said waters by limitation and prescription, and further in the alternative pleads for correlative rights therein. Plaintiff also asserts that the waters produced at Comanche Springs reach the said Springs in well defined channels. Plaintiff bases its lawsuit upon its alleged title by prescription and limitation and appropriation, on its right to its correlative share of the waters of Comanche Springs, and on its right to protect the sources of the waters claimed by it.

Defendants filed a great number of exceptions to plaintiff's fifth amended petition, stating that plaintiff had no cause of action and that its allegations with reference to many items were insufficient and lacking in descriptive content. There were twenty-two paragraphs containing this multitude of exceptions, and the trial court sustained all but paragraph 1, and the plaintiff declining to further amend, the case has reached this court on appeal from the action of the trial judge in sustaining the exceptions.

This case has been exhaustively briefed by both sides, and we will try to dispose of it by taking up the matters as they appear to us in their relative importance.

We deal first with the laws of Texas insofar as they relate to percolating waters. It seems clear to us that percolating or diffused and percolating waters belong to the landowner, and may be used by him at his will. There has been no allegation in this case that the defendants have been wasting any of the water. Houston & T. C. Ry. Co. v. East, 98 Tex. 146, 81 S.W. 279, 66 L.R.A. 738; Farb v. Theis, Tex.Civ.App., 250 S.W. 290; Texas Company v. Burkett, 117 Tex. 16, 296 S.W. 273, 54 A.L.R. 1397; Cantwell v. Zinser et ux., Tex.Civ.App., 208 S.W.2d 577; City of Pleasanton v. Lower Nueces River Supply Dist., Tex.Civ.App., 263 S.W. 2d 797, and Tex.Civ.App., 251 S.W.2d 777.

These cases seem to hold that the landowner owns the percolating water under his land and that he can make a non-wasteful use thereof, and such is based on a concept of property ownership. This rule apparently has been inherited from the English common law rule, which in turn appears to go back to the Roman law. Then too, art. 7880–3c, Vernon's Ann.Civ.St. recognizes the ownership rights of the landowner in underground water, excepting however the underflow of rivers and defined subterranean streams.

With regard to plaintiff's plea in the alternative to have its correlative rights declared we do not find any authority sufficient to authorize the granting of such request. In the field of oil and gas correlative production was created by specific statutory authority, which authority expressly recognizes the ownership of the surface owner and merely regulates the production of said oil and gas and is therefore administrative in nature. There is no similar statute in this field except such as is found in those permitting creation of a water district. Brown v. Humble Oil & Refining Co., 126 Tex. 296, 305, 83 S.W.2d 935, 87 S.W.2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393.

The cases cited in the paragraph above holding that the surface owner owns the underground percolating water and may use it at his will in a non-wasteful manner do

not authorize but preclude any correlative regulation as far as such percolating water is concerned in the situation here presented and under the law as it now exists.

It has also been held that surface waters likewise belong to the landowner. Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221.

With reference to plaintiff's claim of appropriation it is clear on the authority of the Texas cases cited above that its appropriation, if any, could extend only to the waters of Comanche Springs at and after their emergence from the ground, and the same is true of riparian rights. We do not find any authority in the courts or the statutes authorizing plaintiff to extend its appropriation, if any it has, to underground waters. There seems to be a different rule in Colorado, and much has been written by the courts and legislatures of other states, but it must be borne in mind that Texas came into the Union claiming ownership of her lands, was not subject to the Desert Land Act, 43 U.S.C.A. § 321 et seq., and has no specific statute such as New Mexico, Nevada, Oregon, etc., and the cases cited above hold that such lands, when patented as these have been to the defendants, carry with them as a property right the ownership of percolating underground water. Motl v. Boyd, 116 Tex. 82, 286 S.W. 458.

Much has been said and written about plaintiff's claim to the source waters of Comanche Springs by prescription and limitation, but we cannot find authority for either of these claims for the following reasons: Plaintiff is admittedly attempting to assert title by prescription to waters "upper" to them—in other words, to waters that have not as yet reached them or crossed any lands owned by them. It is therefore difficult to see how they could have asserted any adverse claim or adverse possession to waters before they came into their possession, and to waters beyond the boundaries of their own lands and under lands claimed and used by other parties. We do not see how, with respect to waters, the lower users can be asserting a use hostile to the upper users, and of course such hostile and adverse appropriation or possession is essential to the claim of title by prescription or limitation. Martin v. Burr, 111 Tex. 57, 228 S.W. 543; 44 Tex.Jur. 78.

In its second, or reply brief, plaintiff alleges that the waters supplying Comanche Springs flow in well defined channels and urges therefore that the cases cited above relating to percolating water do not apply and do not govern this case. It may well be that a different rule or rules would be and should be applied in the case of a defendant tapping an underground stream flowing in a well defined channel. Such has been true in other states and is suggested in Cantwell v. Zinser, supra. The lower court held that the allegations of plaintiff with regard to this matter were insufficient and were in effect merely a conclusion of the pleader, because plaintiff did not state sufficient facts to identify the claimed well defined channel, either as to surface indications, probable route, source or destination, but merely states that said waters flow in a well defined channel. We think the trial court was correct in sustaining such exceptions because the bare fact that plaintiff alleges the source of Comanche Springs to be a *well defined* underground channel does not make it so, and it has not sufficiently pled the matter. This is especially true when it seems clear that all underground waters are presumed to be percolating. 44 Tex.Jur. 25; Texas Co. v. Burkett, supra; Clinchfield Coal Corp. v. Compton, 148 Va. 437, 139 S.E. 308, 55 A.L.R. 1376.

We are also confronted with the fact that this case appears on a reasonable construction to be fundamentally an injunction case. We find numerous references in plaintiff's petition speaking about irreparable loss, and suggesting unfortunate results unless the defendants are restrained from interfering with the water supply of Comanche Springs, also describing part of the relief necessary as being a permanent and perpetual injunction. Injunctive relief is expressly prayed for in at least two instances in the prayer of plaintiff's petition.

We do not set out these allegations, nor reproduce the prayer, for purposes of brevity, but deem it sufficient to call attention to plaintiff's specific prayer for relief by injunction.

It has been held that the petition in an injunction suit must negative every other reasonable hypothesis except the one advanced by plaintiff. Coleman v. Wright, Tex.Civ.App., 136 S.W.2d 270.

It is also true that it is the duty of the plaintiff to sustain his own pleading as against a special exception, and this he must do by designating specific allegations of fact to accomplish that result. This burden, along with the requirements of petitions asking for injunctions, further serves to convince us that the allegation here is insufficient and merely pleads a conclusion. 8 Tex.Jur. (Sup.) 261; Harmon v. City of Dallas, Tex.Civ.App., 229 S.W.2d 825; Dentler & Sons v. Fuller's Food Products, Tex.Civ.App., 183 S.W.2d 768; Martin v. Hunter, Tex.Civ.App., 233 S.W.2d 354; Wedgworth v. City of Fort Worth, Tex.Civ.App., 189 S.W.2d 40; 44 Tex.Jur. 25; 56 Am.Jur. 586.

Also, there are cases holding that only well pleaded facts may be taken as true when passing upon exceptions. Meyers v. Price, Tex.Civ.App., 247 S.W.2d 574; Norsworthy v. Hewgley, Tex.Civ.App., 234 S.W.2d 126.

Nor do plaintiff's allegations that because the pumping of defendants' wells materially reduced and/or dried up Comanche Springs prove the existence of a well defined underground channel. The Clinchfield case, supra, discusses that fact very thoroughly, and the East case cited above was one where the pumping of the railroad well dried up plaintiff's well, and yet the court found the source of plaintiff's well to be percolating water. In the Cantwell v. Zinser case, supra, defendant's well dried up Spicewood Springs in Travis County, and yet the case was sent back to determine whether the source of the spring water was percolating water or a well defined underground channel. So it seems well decided that the mere fact that the wells of one man dried up springs or the wells of another, neither proves nor indicates a well defined channel of underground water. We do not attempt here to lay down a rule for pleading such a fact, nor do we necessarily follow at this point the rules suggested in other jurisdictions for describing a well defined underground channel. We merely hold that the trial court was correct in his holding that the allegations in the petition here involved are not sufficient. Nor do we pass, therefore, on the matter of the disposition of the waters of a well defined underground channel or subterranean river.

While the briefs, exhibits and reading material, including the excellent book by Hutchins, have presented a very distinguished and exhaustive exploration of this problem, we have not, for the sake of brevity, felt it proper to quote at length, especially from the decisions of other states. We have as far as possible assumed the allegations of plaintiff's petition to be true. It may be that the answer to this unhappy situation is legislative. Plaintiff has evidenced an intention to seek the overruling of the East case and those following its decision, but that is not a matter before this court. It must be observed that the many cases and statutes cited from Western states, while informative, are not especially persuasive, because many of these states have their applicable statutes speaking on the matter, as well as the further fact that Texas retained ownership of its own lands and was therefore not affected by the Desert Land Act and other Congressional regulations, the absence of any specific statutes really pertinent to the matter here involved, plus the fact that the lands here concerned are not presently included in a statutory water district.

For the reasons set forth above appellant's points are overruled and the decision of the trial court is affirmed.