Harold FAIN, Doris Fain, and
Bart Sipriano, Appellants,

v.

GREAT SPRING WATERS OF AMER-ICA, INC., a/k/a Ozarka Natural Spring Water Co., a/k/a Ozark Water Co. a/k/a Ozarka, Appellees.

No. 12–97–00044–CV.

Court of Appeals of Texas,
Tyler.

Jan. 29, 1998.

Dick Swift, Pam Rea, Palestine, for appellants.

Borris A. Hildalgo, Christopher P. Hanslik, Houston, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Harold Fain, Doris Fain, and Bart Sipriano, Appellants ("landowners") filed suit against Appellee, Great Spring Waters of America, Inc., a/k/a Ozarka Natural Spring Water Co. ("Ozarka") for negligently draining their water wells. The trial court granted summary judgment for Ozarka, from which the landowners now appeal. They complain that the lower court erred when it granted Ozarka's motion for summary judgment because their allegation of malice was sufficient to defeat summary judgment. They also ask this court to reverse the summary judgment because the policy reasons, upon which the absolute ownership rule is based, no longer support adherence to the rule. In addition, the landowners move to strike the appendix to Ozarka's brief. We will grant the motion to strike and affirm the judgment of the trial court.

Before oral arguments in this matter, Ozarka filed a motion for leave to file supplemental record. We overruled the motion for being untimely. When Ozarka filed its brief, however, it attached portions of the statement of facts which we had denied leave to file. The statement of facts was of the hearing on the motion for summary judgment. We agree with the landowners that this constituted impermissible supplementation of the appellate record and grant the landowners' motion to strike not only the appendix itself, but also those portions of Ozarka's brief which quote and/or rely on the excerpts.

Upon review of the record before us, Ozarka began pumping ground water for bottling in Henderson County, Texas in March of 1996. Ozarka ran its operation twenty-four hours per day, seven days per week, and withdrew approximately 90,000 gallons of water per day. In their original petition, the landowners contended that soon after the pumping began, and allegedly as a result of Ozarka's pumping operation, the Sipriano family's well was almost completely drained. They also maintained that the water level of the Fain family's well dropped substantially as a direct consequence of Ozarka's actions. The landowners claimed a right to injunctive relief and damages, both actual and punitive, because of nuisance, negligence and malice.

Ozarka filed a motion for summary judgment, in which it asserted that Texas law did not recognize a cause of action for which the landowners could recover. It cited the "absolute ownership rule" for percolating groundwater, as defined by the Supreme Court of Texas. In 1904, Texas adopted what is sometimes referred to as the English rule, which states that all percolating groundwater belongs to the owner of the land where it is found, and that the owner may use the water for whatever purpose he desires.[1] The owner may withdraw water from beneath his land without liability for lowering the water table and thus damaging his neighbor's well.[2] The only exceptions to

1. *Houston & Tex. Cent. Ry. Co. v. East*, 98 Tex. 146, 81 S.W. 279 (1904).

2. *Friendswood Development Co. v. Smith–Southwest Industries, Inc.*, 576 S.W.2d 21, 25 (Tex. 1978).

this rule are negligence in causing subsidence of the land, willful waste and malice.[3] Ozarka, in its motion for summary judgment, argued that the landowners' pleadings failed to state a cause of action under Texas water law. The landowners responded that their cause of action fell "within the exceptions carved out by the Supreme Court of Texas and the public policy trend established by the Court." The landowners did not state what exception applied to their case, but they did cite *Friendswood Development Co.* as support for their proposition that it was time to overrule the "absolute ownership rule."[4] The landowners did not argue that Ozarka was malicious in its pumping operation, and thereby did not relate the exception of malice to the facts of the case. Neither did they offer any summary judgment evidence that Ozarka maliciously damaged their wells. The trial court, finding that the landowners could not, as a matter of law, establish any right to injunctive relief or damages against Ozarka, granted the water company's motion for summary judgment.

■ The landowners correctly state that when a defendant moves for summary judgment claiming the plaintiff failed to state a cause of action and bases the claim solely on plaintiff's pleadings, all allegations, facts and inferences in the pleadings are taken as true and viewed in the light most favorable to the nonmovant.[5] The issue on appeal is whether the nonmovants' pleadings, when liberally construed, fail to show a genuine issue of material fact as a matter of law.[6] The landowners argue that since its pleadings alleged that Ozarka's manner of pumping was willful, intentional and malicious, the trial court was required to accept that allegation as true and deny the motion for summary judgment on the basis that the landowners stated an exception to the absolute ownership rule.

■ In reviewing the landowners' live pleading at the time of the hearing on the motion, the only mention of malice was in the landowners' prayer for punitive damages, in which they stated the following:

Plaintiffs would show that the conduct of the Defendant was willful, intentional and a malicious act and/or omission on the part of the Defendant, and accordingly, Plaintiffs are entitled to exemplary damages as determined by the jury. Plaintiffs sue under common law and for statutory violations.

The landowners argue that, if accepted as true, this allegation of malice was sufficient to defeat Ozarka's motion for summary judgment. We disagree. A motion for summary judgment based on the pleadings is akin to the filing of special exceptions. As such, only well pleaded *facts* may be taken as true,[7] and conclusory pleadings do not support relief.[8] The landowners' prayer for punitive damages was conclusory, failed to state specific allegations of fact, and neglected to plead the malice exception to the absolute ownership rule. The trial court properly granted summary judgment based upon the landowners' failure to state a cause of action. Point of error one is overruled.

■ In their second point of error, the landowners argue that the absolute ownership rule should be overruled as antiquated and violative of public policy. Although we sympathize with the landowners, we decline to do so. The doctrine of *stare decisis* does not stand as an insurmountable bar to overruling precedent.[9] But for so well-settled law as the absolute ownership rule, we con-

3. *Id.* at 25, 30.

4. *Friendswood* re-examined the "absolute ownership rule," and carved out the new exception for negligent pumping which results in the subsidence of adjoining land.

5. *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

6. *Abbott v. City of Kaufman*, 717 S.W.2d 927, 929 (Tex.App.—Tyler 1986, writ dism'd w.o.j.); Tex.R. Civ. P. 166a.

7. *Pecos County Water Control and Improvement Dist. v. Williams*, 271 S.W.2d 503, 507 (Tex.Civ. App.—El Paso 1954, writ ref'd n.r.e.) *citing Meyers v. Price*, 247 S.W.2d 574, 578 (Tex.Civ. App.—Austin 1952, no writ).

8. *Pecos County Water Control and Improvement Dist.*, 271 S.W.2d at 504.

9. *Gutierrez v. Collins*, 583 S.W.2d 312, 317 (Tex. 1979).

clude that it would be more appropriate for the legislature or the Supreme Court of Texas to fashion a new rule if it should be more attuned to the demands of modern society. We overrule point of error two and affirm the trial court's judgment.