

**The Business Court of Texas,
Third Division**

| | | |
|---|---|---|
| ENOSIS INVESTMENTS, LLC, et al. | § § § | |
| *Plaintiffs*, | § § | |
| v. | § | |
| BRETT JENSEN, et al., | § § | |
| *Defendants.* | § § | |
| | § | Cause No. 25-BC03A-0008 |
| BRETT JENSEN, et al., | § § | |
| *Counter Claimants and Third-Party Plaintiffs,* | § § | |
| v. | § § | |
| GEORGE LAKE, et al., | § § | |
| *Counter-Defendants and Third-Party Defendants.* | § § | |

═══════════════════════════════════

***Syllabus**\**

═══════════════════════════════════

Pursuant to Texas Rule of Civil Procedure 166(g) and the parties' Joint Advisory on Early Legal Issues, the Court rules on whether Texas law recognizes the asserted fiduciary duties under the facts alleged here. The Court holds: (1) The pleadings do not support a joint venture because they do not allege an agreement to

---

\* The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

share profits and losses; additionally, the company agreements explicitly disclaim the existence of any joint venture and expressly supersede any prior or contemporaneous agreements; (2) While the manager of these manager-managed LLCs may owe fiduciary duties to the LLCs, a non-managing member generally does not; nor is a corporate manager's fiduciary duty passed through to its individual officers and owners absent some basis for piercing the corporate veil.



**The Business Court of Texas,
Third Division**

| | | |
|---|---|---|
| ENOSIS INVESTMENTS, LLC, et al. | § § § § | |
| *Plaintiffs,* | § | |
| v. | § | |
| BRETT JENSEN, et al., | § § | |
| *Defendants.* | § § | |
| | § | Cause No. 25-BC03A-0008 |
| BRETT JENSEN, et al., | § § | |
| *Counter Claimants and Third-Party Plaintiffs,* | § § | |
| v. | § § | |
| GEORGE LAKE, et al., | § § | |
| *Counter-Defendants and Third-Party Defendants.* | § § | |

## OPINION AND ORDER

¶1 Pursuant to the Scheduling Order, the parties filed a Joint Advisory on Early Legal Issues identifying issues that one or both parties contend can be resolved early in the case to facilitate efficiency or resolution. Pursuant to Texas Rule of Civil Procedure 166(g), the Court now rules on one such issue: whether Brett Jensen,

Braverman Management, Inc. (Braverman), and Southfork Development Partners, LLC (Southfork), owed fiduciary duties to George Lake, Enosis Investments, LLC (Enosis), and certain limited liability companies (LLCs) formed to own and operate the Reserve at Lake Travis (the Reserve).[1] The Court holds that, under the facts pleaded by Plaintiffs, (1) Jensen, Braverman, and Southfork do not owe fiduciary duties to Lake and Enosis because the pleadings do not establish a joint venture; and (2) Jensen and Southfork do not owe fiduciary duties to the LLCs.

### Background

¶2    This dispute arises from the acquisition and subsequent management of the Reserve, a mixed-use development in Travis County, Texas. In early 2021, George Lake and Brett Jensen discussed acquiring and managing the Reserve. They contemplated a structure in which multiple shared entities would own and operate different components of the Reserve. In May 2021, in connection with the closing of the acquisition, the parties formed multiple LLCs to acquire, own, and manage aspects of the Reserve, including: Harbor Village—2021, LLC (Harbor), Hillside Cottages—2021, LLC (Hillside), Riverbend Club RE—2021, LLC (Club RE), and Riverbend Marina RE—2021, LLC (Marina RE) (collectively, the Shared LLCs). The

---

[1] TEX. R. CIV. P. 166(g); *see also Skeels v. Suder*, 671 S.W.3d 664, 670 (Tex. 2023); *JPMorgan Chase Bank, N.A. v. Orca Assets G.P.*, 546 S.W.3d 648, 653 (Tex. 2018).

Shared LLCs are governed by written company agreements (the LLC Agreements).[2] The Shared LLCs are co-managed by Enosis (owned by Lake) and Braverman (owned by Jensen), and Enosis has the authority to make any tie-breaker decisions in the event of deadlock.[3]

¶3  After disputes arose regarding management of the Reserve, Plaintiffs filed this suit alleging (among other things) that Jensen, Braverman, and Southfork owed and breached fiduciary duties to Enosis, Lake, and the Shared LLCs.[4] At issue here is whether any such fiduciary duties exist under Texas law and the facts alleged by Plaintiffs.

## Analysis

¶4  Plaintiffs allege that Jensen, Braverman, and Southfork owe two sets of fiduciary duties: (1) fiduciary duties to Enosis and Lake because the Reserve was a joint venture among them and (2) fiduciary duties to the Shared LLCs "by virtue of managerial positions, or control, or both."[5] "Whether a fiduciary duty exists is a question of law."[6] Whether a particular set of facts gives rise to a joint venture is

---

[2] Defendants' Response Brief on Issue Three Pursuant to Court's November 19, 2025 Order (Defs.' Br.) Exh. 2 (Harbor LLC Agreement), Exh. 3 (Hillside LLC Agreement), Exh. 4 (Club RE LLC Agreement), Exh. 5 (Marina RE LLC Agreement).

[3] Defs.' Br. Exh. 2 at § 4.1, Exh. 3 at § 4.1, Exh. 4 at § 4.1, Exh. 5 at § 4.1.

[4] Plaintiffs also assert that Jensen, Braverman, and Southfork breached fiduciary duties to Reserve Declarant, LLC, but Reserve Declarant is not a party and no claims are asserted on its behalf.

[5] Third Am. Pet. at ¶ 93.

[6] *Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, 235 S.W.3d 695, 700 (Tex. 2007) (citing *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005)).

also a question of law.[7] With the exception of Braverman's fiduciary duty to the Shared LLCs, which is not contested, the Court determines that the alleged fiduciary duties do not apply here because:

- the facts pleaded do not support the existence of a joint venture;

- Texas law does not impose a general fiduciary duty between a manager-managed LLC and its non-managing member; and

- without grounds for piercing the veil, the Court cannot disregard corporate separateness to impose Braverman's fiduciary duty on its president, Jensen.

## A. The pleadings do not support formation of a joint venture.

¶5      Plaintiffs allege that Jensen, Braverman, and Southfork agreed to act as joint venturers with Enosis and Lake to acquire, govern, develop, and profit from the Reserve.[8] But it is not enough for Plaintiffs to allege that the parties formed a joint venture; Plaintiffs must plead *facts* that, if true, support that conclusion.[9] The

---

[7] *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 319 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Swinehart v. Stubbeman, McRae, Sealy, Laughlin & Browder, Inc.,* 48 S.W.3d 865, 879 (Tex. App.—Houston [14th Dist.] 2001, pets. denied).

[8] Third Am. Pet. at ¶¶ 29, 72; Plaintiffs' Brief on Issue Three Pursuant to Court's November 19, 2025, Order (Plf.'s Br.) at 2-3.

[9] Rule 47 requires a pleading to give "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). The Texas Supreme Court has consistently interpreted this to require that the pleading allege the *facts* that, if true, give the pleader the legal right to recover. *E.g.*, *In re First Reserve Mgmt., L.P.*, 671 S.W.3d 653, 661–62 (Tex. 2023); *Montelongo v. Abrea*, 622 S.W.3d 290, 300–01 (Tex. 2021); *Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 & n.63 (Tex. 2021); *DeRoeck v. DHM Ventures, LLC*, 556 S.W.3d 831, 835 (Tex. 2018); *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 616 (Tex. 2004); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896–97 (Tex. 2000).

facts pleaded by Plaintiffs, accepted as true, do not support the existence of a joint venture.

¶6    "The elements of a joint venture are (1) an express or implied agreement to engage in a joint venture, (2) a community of interest in the venture, (3) an agreement to share profits and losses from the enterprise, and (4) a mutual right of control or management of the enterprise."[10] Each of these must be present for a joint venture to exist.[11] Reading the live petition broadly, Plaintiffs allege an agreement to act as joint venturers,[12] a community of interest,[13] and "common" control.[14] But they do not allege that Jensen, Braverman, or Southfork ever agreed to share profits and losses with Enosis and Lake. The petition does not mention losses at all, and while it states that the joint venture was to "profit from" the Reserve, it does not state whether or how those profits would be shared among Jensen, Braverman, Southfork, Enosis, and Lake. Without factual allegations supporting a sharing of

---

[10] *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 225 (Tex. 2017) (citing *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 534–35 (Tex. 2002), and *Coastal Plains Dev. Corp. v. Micrea, Inc.*, 572 S.W.2d 285, 287 (Tex. 1978)).

[11] *See, e.g.*, *St. Joseph Hosp.*, 94 S.W.3d at 535; *Coastal Plains*, 572 S.W.2d at 287; *Pitts & Collard*, 369 S.W.3d at 319; *Arthur v. Grimmett,* 319 S.W.3d 711, 721 (Tex. App.—El Paso 2009, pet. denied).

[12] Third Am. Pet. at ¶ 29, 34.

[13] *Id.* at ¶ 17.

[14] *Id.* at ¶ 23.

both profits and losses, there can be no joint venture.[15] Plaintiffs' joint venture theory thus fails on the face of the pleadings.

¶7    Moreover, the pleadings and the LLC Agreements demonstrate that the various aspects of the Reserve—including associated assets and sources of income and expenses—are allocated among the Shared LLCs and other Reserve-related entities.[16] It is those entities—not a joint venture among Jensen, Braverman, Southfork, Lake, and Enosis—that have control over their respective aspects of the Reserve and who participate in the related profits and losses.[17] To the extent Plaintiffs imply that Jensen, Braverman, Southfork, Lake, and Enosis share control through direct or indirect control over the Shared LLCs under the LLC Agreements, that argument fails.

¶8    Plaintiffs cannot rely on the LLC Agreements to create a joint venture for several reasons. Most notably, the LLC Agreements unambiguously disclaim the creation of a joint venture or partnership. Each LLC Agreement states that the Shared LLC is not a joint venture or partnership; no member or manager intends to be a joint venturer or partner of any other; and the LLC Agreement may not be

---

[15] *E.g.*, *First United*, 514 S.W.3d at 226; *St. Joseph*, 94 S.W.3d at 535; *Coastal Plains*, 572 S.W.2d at 287; *Pitts & Collard*, 369 S.W.3d at 319; *Arthur*, 319 S.W.3d at 721 (citing *Gutierrez v. Yancey, 650 S.W.2d 169, 172 (Tex. App.—San Antonio 1983, no writ)).

[16] *See* Third Am. Pet. at ¶¶ 27–31; Defs.' Br. Exhs. 2–5.

[17] Defs.' Br. Exh. 2 at § 2.8, Exh. 3 at § 2.8, Exh. 4 at § 2.8, Exh. 5 at § 2.8.

construed to create a joint venture or partnership.[18] They also each contain an entire-agreement clause, specifying that the LLC Agreement reflects the parties' entire agreement relating to its subject matter and supersedes all previous agreements.[19]

¶9    If the parties had wished to structure their Reserve endeavor as a joint venture or partnership, that option was available to them. Instead, they structured their enterprise as a series of separate limited liability companies, repeatedly and explicitly disclaiming any joint venture or partnership.[20] Lake, on behalf of Enosis, signed each and every one of the LLC Agreements and received the legal protections and benefits afforded in LLCs but not in joint ventures and partnerships.[21] They cannot successfully assert that they orally agreed to the very thing the LLC Agreements they executed expressly disavow.[22]

---

[18] Defs.' Br. Exh. 2 at § 2.8, Exh. 3 at § 2.8, Exh. 4 at § 2.8, Exh. 5 at § 2.8. The LLC Agreements recognize exceptions for tax purposes or separate associations.

[19] Defs.' Br. Exh. 2 at § 13.10, Exh. 3 at § 13.10, Exh. 4 at § 13.10, Exh. 5 at § 14.10.

[20] Defs.' Br. Exh. 2–5. To avoid the obvious import of the LLC Agreements, Plaintiffs may assert that Jensen, Braverman, Southfork, Lake, and Enosis formed a joint venture as to only their dealings leading up to the creation of the Shared LLCs. But here too, the pleadings cannot support the imposition of such a joint venture because there are no factual allegations that the parties agreed to share profits and losses associated with the pre-LLC phase of their activities. *See generally,* Third Am. Pet. Moreover, the "control" the petition attributes to Jensen, Braverman, and Southfork is through management and control over the Shared LLC and other Reserve-related LLCs.

[21] Defs.' Br. Exhs. 2–5.

[22] *See Pitts v. Rivas*, 709 S.W.3d 517, 529–30 (Tex. 2025) ("To impose a fiduciary duty on a party who enters into a business transaction using an engagement letter that disclaims such duties and goes to great pains to hold the counter-party at arm's length would be to give judges and juries—rather than the parties themselves—the authority to define the parameters of the parties' legal relationship. The freedom of contract includes the freedom to define the nature and scope of a business relationship in a way that forecloses the imposition by courts of duties inconsistent with

**B. Southfork and Jensen do not owe fiduciary duties to the Shared LLCs.**

¶10    Plaintiffs plead that Jensen, Braverman, and Southfork owe fiduciary duties to the Shared LLCs "by virtue of managerial positions, or control, or both" over the Shared LLCs. While this might be true as to Braverman,[23] it is not true as to Jensen or Southfork.

¶11    **Braverman.** The Shared LLCs are manager-managed LLCs under Texas law.[24] Defendants agree that managers of such LLCs generally owe fiduciary duties to the LLC, and they do not contest that Braverman, as a co-manager, owed a

---

the parties' agreement."); *Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 560–61 (Tex. 2019) (explaining that "fundamental problem" with parties case was that it was premised on parties' agreement to one thing when their written contract said the opposite); *West v. Quintanilla*, 573 S.W.3d 237, 244–45 (Tex. 2019) (explaining that alleged prior or contemporaneous agreements are unenforceable when they are inconsistent with or contradict the terms of parties' written agreement on same subject but can be enforced when they are consistent, collateral agreements); *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 425–26 (Tex. 2015) (explaining legal presumption that parties understand and intend terms of agreements they signed); *Tall v. Vanderhoef*, 2025 Tex. Bus. 15, ¶ 27, 2025 WL 1165208, at *5 (8th Div.) ("Under Texas law, courts must honor the contractual terms that parties use to define the scope of their obligations and agreements, including those that restrict fiduciary duties that might otherwise exist."); *Stephens v. Three Finger Black Shale P'ship*, 580 S.W.3d 687, 716–17 (Tex. App.—Eastland 2019, pets. denied) (rejecting claims of "handshake" partnership and resulting fiduciary duty when parties' subsequent written agreement expressly disavowed such duties).

[23] As Defendants point out, ultimate control sits with Enosis, which has the tie-breaking vote when the Shared LLC's co-managers (Enosis and Braverman) disagree. Defs.' Br. Exh. 2 at § 4.1, Exh. 3 at § 4.1, Exh. 4 at § 4.1, Exh. 5 at § 4.1.

[24] Defs.' Br. Exh. 2 at Art. IV, Exh. 3 at Art. IV, Exh. 4 at Art. IV, Exh. 5 at Art. IV; *see also* TEX. BUS. ORGS. CODE §§ 101.251–.252, 101.301–.307.

8

fiduciary duty to the Shared LLCs.[25] The scope of Braverman's duties to the Shared LLCs is not at issue here.[26]

¶12   **Southfork.**[27] Southfork is a member of each of the Shared LLCs, but not a manager of any. While Texas LLCs can place management and control in the hands of members rather than managers,[28] the Shared LLCs are manager-managed, not member-managed.[29] Plaintiffs have not argued that Texas law imposes an inherent

---

[25] Defs.' Br. at 5. Although the Texas Supreme Court and Fifteenth Court of Appeals have not yet directly addressed the issue, several Texas intermediary courts of appeals have held that managers of LLCs owe a fiduciary duty under certain circumstances. *See, e.g., Davis v. Crawford*, 700 S.W.3d 438, 449 (Tex. App.—Eastland 2024, no pet.); *Straehla v. AL Global Servs., LLC*, 619 S.W.3d 795, 805, 810 (Tex. App.—San Antonio 2020, pets. denied).

[26] The Business Organizations Code grants LLCs broad authority to expand, restrict, or eliminate the duties owed by managers and members to the LLC, its members, or its managers—including fiduciary duties. *See* TEX. BUS. ORGS. CODE § 101.401 ("The company agreement of a limited liability company may expand, restrict, or eliminate any duties, including fiduciary duties, and related liabilities that a member, manager, officer, or other person has to the company or to a member or manager of the company."); *see also id.* § 101.256 (providing certain presumptions and protections for publicly traded LLCs and permitting other LLCs to adopt the same provisions in their company agreement); *id.* § 7.001(d)(3) (authorizing limitation or elimination of managerial officials' liability in certain circumstances). The LLC Agreements do so. *See, e.g.,* Defs.' Br. Exh. 2 at §§ 4.11 & 4.17, Exh. 3 at §§ 4.11 & 4.17, Exh. 4 at § 4.13, Exh. 5 at §§ 4.11 & 4.17. For example, the LLC Agreements for Harbor, Hillside and Marine RE provide that managers are not liable for "errors in judgment" or "any acts or omissions that do not constitute fraud or willful or wanton misconduct." Defs.' Br. Exh. 2 at § 4.17, Exh. 3 at § 4.17, Exh. 5 at § 4.17.

[27] In their briefing, Plaintiffs appear to argue only that Southfork owes a duty to the Shared LLCs via the formation of a joint venture. However, because the Plaintiffs' pleadings are unclear on this point, the Court also addresses Southfork's member duties (or lack thereof) to the Shared LLCs.

[28] *See* TEX. BUS. ORGS. CODE § 101.251.

[29] Defs.' Br. Exhs. 2–5. To the extent paragraph 93 of Plaintiff's Third Amended Petition may be read to allege that Southfork was a manager or had the power to control the Shared LLCs as a member, that allegation is conclusory at best, and courts are not bound by conclusory legal allegations even when factual allegations in the petition must be accepted as true. *See, e.g., Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 487 (Tex. 2012) ("[C]ourts are not required to accept as true parts of [] pleadings that are actually legal, rather than factual, allegations." (citing *Fain v. Great Spring Waters of Am., Inc.*, 973 S.W.2d 327, 329 (1998), *aff'd, Sipriano v. Great Spring Waters of*

fiduciary duty between LLCs and their non-managing members, nor has this Court located any authority for that position.[30] While Texas law grants LLCs broad authority to modify the duties of their managers, members, and officers in their company agreements,[31] Plaintiffs have not alleged or argued that the LLC Agreements impose fiduciary duties on non-managing members like Southfork.[32] Plaintiffs likewise have not alleged any particular actions taken by Southfork on behalf of the Shared LLCs giving rise to a fiduciary duty.[33] To the contrary, in their pleadings and in their brief, Plaintiffs' fiduciary-duty allegations against Southfork appear to pivot on the existence of a joint venture.[34] That theory is rejected above.

---

*Am., Inc.*, 1 S.W.3d 75 (Tex. 1999))); *City of Houston v. Ezzeddine*, — S.W.3d —, —, 2026 WL 468004, at *3 (Tex. App.—Houston [14th Dist.] Feb. 19, 2026, no pet.) (stating that courts "presume the truth only of factual allegations" and not conclusory assertions); *Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 451 (Tex. App.—San Antonio 2016, pet. denied) ("[A]lthough we take all of [plaintiff's] *factual* allegations as true, we need not afford the same deference to plaintiff's *legal* conclusions or *conclusory statements.*"); *Brennan v. City of Willow Park*, 376 S.W.3d 910, 915 (Tex. App.—Fort Worth 2012, pet. denied) ("While we must construe the allegations in favor of the plaintiff, we are not bound by legal conclusions."). The LLC Agreements plainly do not grant Southfork the power to manage and control the Shared LLCs. Defs.' Br. Exhs. 2–5.

[30] Texas courts have held that there is no inherent fiduciary duty among LLC members. *Bertucci v. Watkins*, 709 S.W.3d 534, 544 (Tex. 2025) ("[M]embers of limited-liability companies [] do not owe formal fiduciary duties to fellow members simply because of their relationship as co-members."); *Tall*, 2025 Tex. Bus. 15, ¶ 24, 2025 WL 1165208 at *4 ("Under Texas common law, members of an LLC do not owe broad formal fiduciary duties to each other[.]").

[31] *See* TEX. BUS. ORGS. CODE § 101.401; *see also id.* § 7.001(d)(3).

[32] The LLC Agreements contemplate limited member involvement. Members are afforded a vote on certain "major decisions," but no such vote is alleged here. *See* Defs.' Br. Exh. 2 at § 5.5(b), Exh. 3 at § 5.5(b), Exh. 4 at § 5.5(b), Exh. 5 at § 5.5(b).

[33] *See generally*, Third Am. Pet.

[34] Third Am. Pet. at ¶¶ 72–73, 93; Plfs.' Br. at 3.

10

¶13    **Jensen.** Jensen is neither a manager nor a member of the Shared LLCs. The basis Plaintiffs identify for Jensen's purported fiduciary duty to the Shared LLCs is his role as president and "controlling member" of Braverman.[35] In short, Plaintiffs ask the Court to disregard corporate separateness and impose the fiduciary duty owed by Braverman on its officer and shareholder, Jensen.[36] Plaintiffs have not identified, and the Court has not discovered, any basis for imposing a fiduciary duty between the officers or shareholders of a corporation and an LLC in which the corporation is a manager.[37] Texas courts do not recognize new fiduciary duties lightly, given the extraordinary burden such duties impose,[38] and the Court sees no basis for creating a new fiduciary duty here. These sophisticated parties structured their

---

[35] Plfs.' Br. at 2.

[36] It is not entirely clear what Plaintiffs mean by asserting the Jensen is its "controlling member," as Braverman is a corporation, not an LLC. Reading the pleadings broadly, the Court presumes that Plaintiffs equate Jensen to a controlling shareholder.

[37] The Court has located some older cases in which the Fifth Circuit held that an officer or general partner of the general partner in a limited partnership owed a fiduciary duty to the limited partners based on the specific facts of those cases, particularly in the bankruptcy context. *See In re Harwood*, 637 F.3d 615, 621–22 (5th Cir. 2011); *McBeth v. Carpenter*, 565 F.3d 171, 178 (5th Cir. 2009); *In re Bennett*, 989 F.2d 779, 790 (5th Cir. 1993); *but see Gilbreath v. Horan*, 682 S.W.3d 454, 519 & n.42 (Tex. App.—Houston [1st Dist.] 2023, pets. denied) (rejecting argument that president of LLC that was general partner of limited partnership owed fiduciary duty to limited partnership); *Rainier Income Fund I, Ltd. v. Gans*, 501 S.W.3d 617, 624 (Tex. App.—Dallas 2016, pet. denied) (rejecting contention that president of general partner of limited partnerships owed fiduciary duty to limited partnerships). Even assuming that these cases reflect Texas law, they are distinguishable. For one, Braverman does not have the kind of exclusive control present in those cases; to the contrary, it is Enosis that has the deciding vote in the event the Shared LLC's two managers do not agree. For another, neither the Shared LLCs nor Braverman are partnerships. The Court has found no authority for a pass-through fiduciary duty to the officers or shareholders of a corporation like Braverman.

[38] *See, e.g.*, *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 81 (Tex. 2015) (citing *Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 188 (5th Cir. 1995), for the principle that "[u]nder Texas law, a fiduciary duty will not be lightly created, as it imposes extraordinary duties").

dealings and created their business entities mindfully, and ignoring those choices after the fact is contrary to Texas policy.[39] If the parties had wanted Jensen, individually, to serve as a manager for the Shared LLCs, they could have chosen that option.

¶14    To create the kind of pass-through fiduciary duty proposed by Plaintiffs would hold Jensen individually liable for Braverman's alleged breach of its fiduciary duties to the Shared LLCs. But Plaintiffs have not pleaded or argued any basis for piercing the corporate veil.[40] Without a viable theory for piercing the corporate veil, the Court must abide by the "longstanding" rule under Texas common law that "corporate shareholders, officers, and directors are generally shielded from liability for corporate obligations."[41] As Braverman's president, Jensen has duties to Braverman, and if he caused Braverman to breach its fiduciary duties the Shared LLCs, he

---

[39] *See, e.g.*, *Primexx Energy Opportunity Fund, LP v. Primexx Energy Corp.*, 2025 Tex. Bus. 9, ¶ 137, 709 S.W.3d 619, 648 (1st Div.) ("[C]ourts may not rewrite a contract under the guise of interpretation."); *Sundown Energy LP v. HJSA No. 3, Ltd. P'ship*, 622 S.W.3d 884, 889 (Tex. 2021) ("The principle of freedom of contract requires us to recognize that "sophisticated parties have broad latitude in defining the terms of their business relationship," and courts are obliged to enforce the parties' bargain according to its terms. As we have said time and again, courts may not rewrite a contract under the guise of interpretation." (quoting *FPL Energy, LLC v. TXU Portfolio Mgmt. Co.*, 426 S.W.3d 59, 67 (Tex. 2014), and citing *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 646 (Tex. 1996))).

[40] Theories for piercing the corporate veil must be specifically pleaded. *See, e.g.*, *Mapco, Inc. v. Carter,* 817 S.W.2d 686, 688 (Tex. 1991); *Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 572 (Tex. App.—El Paso 2017, pet. denied); *Endsley Elec., Inc. v. Altech, Inc.*, 378 S.W.3d 15, 22 (Tex. App.—Texarkana 2012, no pet.).

[41] *Keyes v. Weller*, 692 S.W.3d 274, 278 (Tex. 2024) (citing *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006)).

could be liable to Braverman for that conduct.[42] But absent a basis for piercing the corporate veil, Jensen's liability is to the corporation, not those to whom the corporation in turn has an obligation.

¶15    Of course, this rule has never shielded corporate actors from liability for their own fraudulent or tortious conduct, even when undertaken while acting on behalf of the corporation.[43] Plaintiffs thus need not plead any veil-piercing theory to support their fraud claim against Jensen, even if it is based on his conduct on behalf of Braverman. There is also a tort—knowing participation in a breach of fiduciary duty—under which an individual may, under certain circumstances, be personally liable for his own conduct in connection with another party's breach of its fiduciary duty.[44] The viability of such a claim here is beyond the scope of this order, which addresses only whether the alleged fiduciary duties are recognized under Texas law.

## Conclusion

¶16    Pursuant to Texas Rule of Civil Procedure 166(g), the Court identifies the existence of the alleged fiduciary duties as a legal matter to be decided by the

---

[42] *See generally, e.g.*, *Sneed v. Webre*, 465 S.W.3d 169, 178 (Tex. 2015); *Ritchie v. Rupe*, 443 S.W.3d 856, 868–69 (Tex. 2014).

[43] *See Keyes*, 692 S.W.3d at 279.

[44] *See, e.g.*, *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 574 (1942); *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 284 (Tex. App.—Tyler 2021, pet. denied); *Straehla*, 619 S.W.3d at 804; *Darocy v. Abildtrup*, 345 S.W.3d 129, 137 (Tex. App.—Dallas 2011, no pet.); *Cox Tex. Newspapers, L.P. v. Wootten*, 59 S.W.3d 717, 721–22 (Tex. App.—Austin 2001, pet. denied).

Court and decides those matters herein to streamline pretrial proceedings, narrow the issues for trial, and facilitate any potential settlement endeavors.

Date signed: April 23, 2026

Hon. Melissa Andrews
Judge of the Texas Business Court,
Third Division